CHARLES ROBINSON, Appellant, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILWAY COMPANY, Respondent.

*Res adjudicata — limitation of the rule where the cause of action is different — estoppel — opinion of the court — evidence aliunde the record.*

In an action brought to recover the profits alleged to have become payable to the plaintiff during a certain period under a contract made with the receiver of a railroad company, the defense was set up that in a former action by the plaintiff against the receiver upon the same cause of action, for a different period, he had been defeated. The actual decision in such former action was that no profits were earned. But, upon an appeal therefrom, the General Term, which affirmed the judgment, held that the contract was void, ignoring the question of profits. The Court of Appeals considered the question of profits, but also held the contract to be void.

The referee, before whom the second action was tried, dismissed the complaint upon the ground that the question as to the invalidity of the contract was *res adjudicata*.

*Held,* that this was error.

That as it appeared from the record that the referee in the former action did not pass upon the validity of the contract, a defense alleged in the former action, and did base his decision solely upon the fact that no profits were earned, the court could not go outside the record in determining what matters were decided in that case.

That an estoppel by judgment in a former action between the same parties did not operate to bar a second action where the demand was different, unless the precise question was at issue in such former action.

That the opinions of the appellate courts were not competent evidence from which to determine the grounds of their decisions, where the judgments in those courts contained nothing but affirmances of the judgment below.

That where a former judgment might have proceeded upon either of two grounds, the burden is upon the party who sets up such judgment to show that it proceeded upon the ground he asserts to have been the basis of the decision.

That where the record on the former trial showed that the verdict could not have been reached without deciding the particular matter, that matter would be deemed to have been settled as between the parties.

That evidence aliunde the record would be received to show what the matter in controversy was, provided that such evidence was not inconsistent with the record.

That in any other case the judgment in the former action was not conclusive in the subsequent one.

Appeal by the plaintiff Charles Robinson from a judgment of the Supreme Court, entered in the office of the clerk of the city and

county of New York on the 7th day of January, 1892, dismissing the complaint upon the merits, with costs, after a trial before a referee.

This action was brought to recover certain profits arising subsequent to October 1, 1878, under a contract, in regard to which the complaint alleged:

VIII. On or about April 8, 1875, one Charles Edward Appleby, by his certain indenture of lease bearing date on that day, demised and leased to the plaintiff above named, for the term of ten years from May 1, 1875, for an annual rental of $21,370, besides taxes and assessments, certain premises in the city of New York, situated at and about the foot of West Fortieth street and close to the Hudson river, which premises were then used and occupied as stock yards for receiving and delivering live stock, and were and are commonly known as the Western Stock Yards or the Fortieth Street Yards.

IX. In or about the month of July, 1875, the plaintiff and the Erie Railway Company and Jewett, as receiver as aforesaid, duly and for a valuable consideration made and executed a certain contract in writing, under seal, whereby plaintiff agreed to assign the said lease to said National Stock Yard Company, whenever requested by a resolution of its Board of Directors, or upon a request of the Erie Railway Company so to do; and whereby Jewett, as such receiver, guaranteed to plaintiff from the date of said transfer the payment by said National Stock Yard Company (which, however, was not a party to said contract and never agreed with plaintiff to make such payment) of one-fifth of the net profits arising from the business to be carried on upon said premises, or from their use or occupancy, payments to be made semi-annually, viz., on the first day of August and the first day of February of each year.

One Jewett was appointed receiver of the defendant in May, 1875, and so continued until about April, 1878.

The former action was begun November 21, 1877. The referee, before whom it was tried, found as a fact that no profits had been made from the business. The opinion delivered at General Term did not consider the question of profits, but decided that the contract was invalid; when the case reached the Court of Appeals that court held that the profits had been earned, but it also held that the contract was void.

*Edward B. Whitney*, for the appellant.

*Joseph Larocque*, for the respondent.

Ingraham, J.:

This action is brought upon a contract made between the plaintiff and one Hugh J. Jewett, as receiver of the Erie Railroad Company, whereby the said Jewett, as such receiver, agreed to pay one-fifth of the net profits arising from the business to be carried on upon certain premises, which plaintiffs had agreed to assign to a corporation known as the National Stock Yard Company, and in which corporation, by the recitals of the agreement, the Erie Railroad Company had become largely interested.

The defendant, for a separate defense to the action, alleged in its answer that, prior to the commencement of this action, plaintiff had commenced another action in this court against said Jewett, as receiver, upon the same alleged contract, to recover under the contract for the net profits alleged to have accrued from September 1, 1877, to October 1, 1878. That judgment had been entered in that action in favor of the defendant, and that on appeal to the General Term such judgment was affirmed, and that such judgment of the General Term was affirmed by the Court of Appeals, and that by such judgments, so rendered and entered, there was a final judicial settlement and determination, conclusive upon both parties of the issues in controversy. That one of such issues embraced in such final settlement and determination was as to the validity of said contract, and that, in and by the judgment so rendered and entered by this court and by the Court of Appeals, it was adjudged that the said alleged contract upon which this action is based was and is without legal consideration and void as against public policy.

The learned referee decided upon this trial that, by the said judgment in the prior action in the Supreme Court and the Court of Appeals, there was a final judicial settlement and determination conclusive upon both parties of the said issue as to the validity of the said contract which was determined by the said judgment to be void and invalid for want of legal consideration, and, as a conclusion of law, that the said judgments so rendered in the said actions between the plaintiff and the said Jewett, as receiver, are conclusive upon both parties and

their privies as to the issues raised in said action and determined by the judgments therein, and that there should be judgment in this action for the dismissal of the complaint on the merits, with costs.

If this allegation in the answer, and this finding of fact of the referee, is sustained by the evidence, the legal conclusion is right and must be affirmed. The sole question for us to determine, therefore, is whether there is any evidence in this action that the issue, as to the validity of the contract sued on, was presented to the court in the former action and was there determined by the judgment, either of this court or the Court of Appeals.

The judgment-roll entered in the former action was offered in evidence before the referee. From it, it appears that two defenses were interposed in that action; one, that there were no net profits and nothing, therefore, due under the contract; and second, that the contract was invalid for want of legal consideration.

The issues in that action were referred to a referee, who filed his report, whereby he found, as a fact, that no profits were made from the business carried on at such premises or from their use and occupancy, and, as matter of law, that the defendant was not indebted to the plaintiff in the sums mentioned in the complaint or any part thereof; and that the defendant is entitled to judgment that the complaint be dismissed on the merits, with costs, and upon such report judgment was entered that the complaint be dismissed upon the merits.

There was also introduced in evidence a notice of appeal to this court, by the plaintiff, from such judgment and the judgment of this court adjudging that the said judgment appealed from was in all things affirmed; and also a notice of appeal from such judgment of this court to the Court of Appeals, and the remittitur from the Court of Appeals in all things affirming the said judgment of this court, and the order of this court making the judgment of the Court of Appeals the judgment of this court.

This record, standing by itself, would show that the judgment entered upon the report of the referee and its affirmance by this court and by the Court of Appeals was an adjudication that there were no profits made from the business carried on, on the premises described in the contract, and that there had been no determination of the issue raised as to the validity of the contract.

There appears, however, in the case, as introduced in evidence by the defendant under the objection and exception of the plaintiff, an opinion of the General Term of this court and also an opinion of the Court of Appeals, and the only evidence to sustain the finding of the referee, that the judgment of the General Term and of the Court of Appeals was an adjudication that the said contract was void, is what is claimed to be found in these opinions.

We have now to determine whether such opinions of the appellate court, affirming a judgment of a court below which disposes of but one issue in the case, is competent evidence to prove that such judgments of affirmance were adjudications of other issues in the case not passed upon by the trial court, and where the judgment-record on the appeal contained no adjudication, except that the judgment be affirmed.

In considering this question, the distinction between the effect of the judgment, as a bar or estoppel against the prosecution of a second action against the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different cause of action, should not be lost sight of. "In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action." *       *       *

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered.

"In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." (*Cromwell* v. *Co. of Sac*, 94 U. S., 352.) And see *Lewis* v. *O. N. and P. Co.* (125 N. Y., 348), where PECKHAM, J., says: "In such a case where a judgment may have proceeded upon either or any of two or more different and distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon some particular fact must show affirmatively that it went upon that fact, or else the question is open for a new contention."

In *Bell* v. *Merrifield* (109 N. Y., 212), it was said : " So in order to obtain the benefit of a prior adjudication of a fact, it is entirely reasonable to exact from the party asking its benefit clear proof that such adjudication has been made."

In other words, the burden of proof in this case is upon defendant to show that the adjudication in the prior action was an adjudication that the contract sued on in this action was invalid, and not binding upon this defendant.

The judgment in the prior action that was appealed from, dismissing the complaint, might have been upon either of the several defenses set up in the answer.

The record shows that that judgment was entered upon the report of the referee, who found that nothing was due under the contract. The record itself therefor shows that the judgment entered upon the report of the referee did not determine that the contract was invalid. The record thus showed that that judgment was in all things affirmed by the General Term and by the Court of Appeals.

Is it competent to introduce evidence of the declarations of the judges who affirmed that judgment, either verbal or written, or by their written opinions or by their oral testimony, to show that the question determined was different from that in the record? I think not. The rule that allows oral testimony to be given as to what questions were actually determined upon the trial of the action have always been restricted, so far as I have been able to discover, with one or two exceptions, which will be hereafter mentioned, to what actually happened upon the trial of the action and to the questions submitted for determination ; and such evidence has always been limited to facts that are not inconsistent with the record and do not impugn its verity.

Thus, in *Gardner* v. *Buckbee* (3 Cow., 127) the court in stating the ground upon which such evidence is admitted, says : " It is true the record merely proves the pleadings, and that judgment was rendered for the defendant. Without other proof it would not make out the defense. The record shows that it was competent on the trial to establish the fraud of the plaintiff. Whether fraud was made out and whether that was the point upon which the decision was founded must necessarily be proven by evidence extrinsic of the

record. To do so is not inconsistent with the record, nor does it impugn its verity."

So in the case of *Wood* v. *Jackson* (8 Wend., 17), the evidence admitted was what question was submitted to the jury on the trial, but such evidence has never been received to contradict the record or which is inconsistent with it; and I think it clear that the effect of these opinions as evidence, if they were admissible at all, was to contradict the record, that is, that the judgment affirming the judgment dismissing the complaint, because of the failure to prove anything due under the contract, was an adjudication that the contract sued on was void.

Had the referee in this case written an opinion in which he stated that he dismissed the complaint because the contract was void, and then filed the decisions in question, would that opinion have been admitted to show that the question that was determined was not the question stated in his report, but was the question which the report did not determine? Clearly not; and upon what principle, therefore, can the opinion of the appellate court, which in all respects affirms his judgment, be competent proof that their judgment is not an affirmance of the judgment entered on the decision of the referee, but an adjudication of an entirely different issue.

If the defendant had desired to have this judgment entered as an adjudication as to the validity of the contract, they should have applied to the appellate court to have inserted in their judgment of affirmance an adjudication as to the validity of the contract, but such adjudication not appearing in the judgment of affirmance it must be deemed to have affirmed the judgment that was given by the referee.

But, assuming that the defendant could prove by competent evidence that the appellate courts, in affirming this judgment, adjudicated that this contract was void, I do not think the opinion of the court, containing the reasons for their judicial action, is competent evidence of what was so adjudicated. The opinions are no part of the record; and that, on an appeal from an order or judgment, the appellate court cannot look into the opinion to ascertain the grounds upon which the court below proceeded is settled by many cases and is almost a universal rule. (See *Direct U. S. Cable Co.* v. *The Domestic Telegraph Co.*, 84 N. Y., 156; *Hewlett* v. *Woods*, 67 id., 394.)

The opinion, being no part of the record, must be considered as nothing but the reasons of the judge or court for their judgment; and could certainly have no greater weight than the testimony of the judge who wrote the opinion as to his reasons for his judgment.

It is settled that it would not have been competent to call a judge or juror who decided a case as a witness, to state the reason of their decision or what was decided.

Thus, in *Agan* v. *Hey* (30 Hun, 594), the court say, in speaking of oral testimony to be given in such an action:

. "But such evidence should be limited to proving what occurred upon the trial; the proofs which were given, the arguments and contentions of the respective parties as to the facts and law of the case.

"I am of the opinion that it was error to receive the statement of the justice himself as a witness as to the ground upon which he placed his decision in the defendant's favor. He was a competent witness to prove all that occurred before him, for they nowise contradicted the record which he caused to be made and entered in his docket. The question whether a former suit is a bar to a pending one is to be determined as a legal question from the record of the former suit and the proceedings had upon the trial. Whether the rent was due or not was a question of fact, and it was not competent to prove by the justice how he determined that question. The mental conclusions reached by the magistrate on the law or facts of a case tried before him, and not expressed in the record, cannot properly be given in evidence. If his conclusions were the same as those he had inserted in the record, then there is no necessity of proving the same. If they are in contradiction to the same, then they should be excluded when offered to be proved, for the reason that they contradict the record."

In the case of the *Union National Bank* v. *Kupper* (63 N. Y., 618) it was held "that the record, which is the highest evidence of what the court decided, showed clearly that the point was adjudicated the other way, as the judgment of the Special Term was explicit and this was affirmed; and that this court is bound by the record, even if the opinion contained adverse expressions; if there was a mistake in the judgment entered, the remedy was by motion to correct."

The same question was presented to the Supreme Court of the United States in the case of *Packet Company* v. *Sickles* (5 Wall., 593).

In that case the defendant in error relied upon a former adjudication, and the jurors who determined the question in the former action were called to testify as to the grounds upon which they found their verdict, but the court held that the record of the former trial, together with the extrinsic proof, failed to show that the contract in controversy in that suit was necessarily determined in the former action; and although the evidence of the jurors was received without objection, it was expressly held "that the secret deliberations of the jury, or grounds of their proceedings while engaged in making up their verdict, are not competent or admissible evidence of the issues or findings.   *   *   *   The evidence should be confined to the points in controversy on the former trial, to the testimony given by the parties, and to the questions submitted to the jury for their consideration, and then the record furnishes the only proper proof of the verdict."

I can see no reason why the written opinion of the judges of the appellate court giving their reasons for affirming the judgment does not come within this rule.

The case of *Birckhead* v. *Brown* (5 Sandf. S. C. Rep., 134) appears to have adopted a different view, but no authority is cited to sustain that conclusion, and we think it should not be followed.

The question here presented is different from that presented in *Esterbrook* v. *Savage* (21 Hun, 149), for there the appellate court reversed the judgment entered on the trial before a referee, and it entered a judgment dismissing the complaint in the action and while in that case the learned justice delivering the opinion said that the court could consider the opinions upon the question as to what was really decided, as on the record there was no adjudication, he holds that considering the opinions there was no adjudication.

That remark was not necessary to the decision of that case.   It does not appear that the opinion of the appellate court was introduced in evidence, and what was decided was that, considering the opinion, it did not appear that the questions at issue were *res adjudicata*.

We think the true rule is that stated in *Packet Company* v.

*Sickles* (*supra*) : " If the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties, and further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence aliunde, consistent with the record, may be received to prove the fact, but even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded."

That the evidence aliunde should be confined to the points in controversy on the former trial, to the testimony given by the parties, and to the question submitted for determination; and that unless it appears from such evidence and the record that the question was necessarily determined, the parties are not concluded.

We think, therefore, that there was no evidence before the referee to sustain his finding that the former judgment was an adjudication that the contract sued on was invalid, and that the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

O'BRIEN, J., concurred; VAN BRUNT, P. J., concurred in result.