THE CITIZENS' BANK OF EMPORIA, KANSAS, v. J. W. BRIGHAM *et al.*

**No. 11,632.\***   (60 Pac. 754.)

' 61  727
f 62  338

61   727
f79  672

1. WRITTEN CONTRACT—*Admissibility of Parol Testimony.* The real nature and object of an instrument of writing, which, on its face, appears doubtful or ambiguous in meaning, may be shown by evidence of the inducing causes to the making of it and of the facts and circumstances surrounding the transaction and involving the parties in their execution of the paper.

2. RES JUDICATA—*What Constitutes Estoppel.* The conclusiveness of a judgment resides in the judgment itself and not in the reasons of the court for pronouncing it. *Held*, therefore, that the reasons given by this court for affirming the judgment of a trial court do not constitute an estoppel binding on the parties to the case.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed April 7, 1900. Reversed.

*E. W. Cunningham*, for plaintiff in error.

*J. G. Hutchison*, and *J. Harvey Frith*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : A phase of this controversy has been in this court before. (*Brigham v. Jones*, 48 Kan. 162, 30 Pac. 113.) Jones & Everetts, a firm of merchants, were indebted to the Citizens' Bank of Emporia and certain others, and they executed an instrument, intended by them as a chattel mortgage, to secure the indebtedness of the bank and the others as preferred creditors. It was executed to J. W. Eastman as trustee. J. W. Brigham & Co., to whom Jones &

---

* For opinion by court of appeals, see 9 Kan. App. —, 58 Pac. 1117. --REP.

Everetts were indebted, but who had not been secured by the chattel mortgage, after recovering a judgment against their debtors, instituted a proceeding in garnishment against Eastman, the chattel-mortgage trustee, and also applied for a receiver of the mortgaged property. Upon a hearing in the district court, the garnishee was discharged and the application for the appointment of a receiver was denied. From the orders discharging the garnishee and denying the application for a receiver J. W. Brigham & Co. prosecuted error to this court. The judgment of the court below was affirmed. (*Brigham v. Jones,* supra.) The contention of the plaintiffs in error in that case was that the instrument executed by Jones & Everetts to Eastman as trustee was void as being an assignment for the benefit of creditors with preferences to some of them, and also because violative of the assignment law in other respects. The contention of the defendants in error was that the instrument was a chattel mortgage. The first view of the court was favorable to the contention of the plaintiffs in error, but upon a rehearing of the case it was adjudged, in consideration of the language of the writing and certain extraneous matters shown in evidence, that it was a valid assignment, under the statute, for the benefit of creditors, except as to the preferences given, and, being such, Eastman, as assignee, was not liable to garnishment nor the assigned property subject to a receivership. Therefore the judgment of the court below was affirmed. During the course of the litigation thus far had, Eastman sold the property and distributed its proceeds among the secured creditors.

After the decision of this court viewing the instrument as a deed of assignment, J. W. Brigham & Co., in conjunction with certain other unsecured creditors,

instituted an action to compel Eastman to administer
his trust under the statute as an assignee for the
benefit of all the creditors, and, as an incident
thereto, to compel the secured creditors to return the
amounts they had received from the sale of the prop-
erty. Upon the trial of the case the defendants of-
fered evidence of facts and circumstances tending to
show that the paper in question was intended by all
the parties to it to be a chattel mortgage. This evi-
dence was received by the court, and, in consideration
of it, the paper was held to be a chattel mortgage
and the prayer of the plaintiffs' petition consequently
denied. From this judgment error was prosecuted to
the court of appeals, which reversed the decision of
the district court. From the order of the reversal,
the defendants in error in the court of appeals have
prosecuted error to this court. It will be most con-
venient to state the objections of the defendants in
error to the action of the district court in receiving
evidence *aliunde* the disputed instrument and ex-
planatory of the intention of the parties in execut-
ing it.

The principal contention of the defendants in error
is that parol evidence is inadmissible to show the in-
tention of the parties to such an instrument as the one
in question, except when it becomes necessary to do
so in order to the prevention of fraud. We know of
no such limitation upon the general rule of the admis-
sibility of evidence in this class of cases. Where the
phraseology of an instrument is doubtful or ambigu-
ous, meaning can be given to it by showing the induc-
ing causes to the making of it and the facts and
circumstances surrounding its execution and involv-
ing the parties to it; and generally, evidence not
contradictory of the language of an instrument but

explanatory of the purpose and object of the parties in executing it will be received. (2 Whart. Ev. § 940, *et seq.;* 1 Greenl. Ev. § 277.) A case like this one was *Caldwell's Bank v. Crittenden, Garnishee,* 66 Iowa, 237, 23 N. W. 646. It was there ruled that, when an insolvent makes a conveyance of his property for the benefit of a portion of his creditors, the question whether such conveyance should be regarded as an assignment for the benefit of creditors or a mortgage for the security of particular debts, is to be determined by the intention of the parties, as it may be ascertained from the circumstances of the transaction. To the same effect was *Roberts, Butler & Co. v. Press,* 97 Iowa, 475, 66 N. W. 756.

The rule of admissibility of parol evidence to show the intention of parties in the making of written instruments is limited to evidence of the facts and circumstances surrounding the transaction and the parties to it, and to the acts performed by them in reference to it. A party to a writing is not permitted to state the secret intention with which he executed it. The defendants in error claim that this limitation upon the rule was overstepped by the introduction of some of the evidence in the court below. We do not think so, except, perhaps, in one or two instances. However, in those instances no objection was made at the time the evidence was given. Some general objections were made as the several witnesses for the defendants below, the plaintiffs in error here, were called, evidently in anticipation of the character of the testimony that might be asked for and given, but no objections were made as the questionable testimony was elicited during the examination of the witnesses.

Another contention of the defendants in error is that the former decision of this court holding the in-

strument in question to be a deed of assignment is *res judicata*. In this they are mistaken. The judgment of this court was against the plaintiffs in error in that case, the defendants in error in this one. The district court had held with the defendants before it, the plaintiffs in error here. The judgment of that court was that Eastman, the mortgage trustee, was not liable as a garnishee, and that J. W. Brigham & Co. were not entitled to a receivership over the mortgaged property. It is said that the reason of the district court for its holding was that the instrument was a chattel mortgage. Whatever the reason of that court was, its judgment was affirmed by this court. The reason given by this court for its affirmance of the district court was that the instrument, in the light of some explanatory evidence then before it, was a deed of assignment. The conclusiveness of a judgment of a court does not exist in the reasons for it, but exists in the judgment itself. The estoppel resides in the judgment and not in the explanatory reasons for rendering it. It not infrequently happens that the decision of an appellate tribunal affirming the judgment of an inferior court is based upon different grounds than those upon which the lower tribunal rested its decision. In such cases the mere opinion of the reviewing court is not *res judicata*. It is argumentative only.

The subject is discussed in Van Fleet's Former Adjudication, volume 1, section 278. A case cited by the author, and quite nearly in point, is *Robinson v. N. Y. L. E. & W. Ry. Co.*, 64 Hun, 41, 18 N. Y. Supp. 728. In that case suit had been brought to recover certain profits alleged to be due on a contract. The trial court ruled against the plaintiff for the reason that it had not been shown that any

profits were made on the contract. The appellate court affirmed the decision, but for the different reason that the contract for profits was void. In a subsequent suit brought on the contract, it was decided that the opinion of the appellate court affirming the decision of the lower court that the contract was void was not *res judicata*, and that the question of the validity of the contract was still open for consideration. Some of the reasoning of the court in this case does not commend itself to us, but in the main its opinion, which is well fortified by authorities, appears sound.

Some other objections to the admission of evidence tending to show the intention of the parties to the instrument in question were made by the defendants in error. They are not tenable.

The judgment of the court of appeals is therefore reversed, and that of the district court is affirmed.