THE STATE OF KANSAS, *ex rel.*, *etc.*, v. GRANT HORN-
ADAY *et al.*, *as Trustees*, *etc.*

**No. 11,943.**   (62 Pac. 998.)

1. MANDAMUS—*Writ May not Issue to Parties Enjoined.* Man-
damus will not issue to compel the performance of an act the do-
ing of which has been enjoined by another court vested with
jurisdiction over the subject-matter and over the parties to the
injunction proceeding, except that it may sometimes issue in be-
half of one who is not a party to the injunction, and whose rights
can only be secured by its allowance.

2. RES JUDICATA—*Case Followed.* The case of *Bank v. Brig-
ham*, 61 Kan. 727, 60 Pac. 754, as to what constitutes an estoppel,
followed.

3. STATE BOARD OF CHARITIES—*Where Suit May be Brought.* A
summons to a member of the board of trustees of the charitable
institutions of the state may rightfully issue from the court of
any county in which such member may be, whether resident there
or not, and may be served on him there, and when so issued
and served process may rightfully issue from such court to the
other members of the board and be served on them in other coun-
ties.

Original proceeding in mandamus.   Opinion filed
December 8, 1900.   Peremptory writ refused.

*A. A. Godard*, attorney-general, *Kimball & Osgood*,
and *T. N. Sedgwick*, for The State.

*Coleman & Williams*, for the defendants.

The opinion of the court was delivered by

DOSTER, C. J.:   In the recent case of *Hornaday v.
The State* (62 Pac. 329), it was decided that the
powers of the legislative committee which had been
authorized by chapter 13 of the Laws of 1899 to se-
cure a site for an asylum for the insane were limited
to the selection of a site and did not extend to the
purchase of the one selected, or the fixing of a price

to be paid by the state for it. Therefore, in that case, the judgment of the district court, enjoining the board of trustees of the several charitable institutions from accepting conveyances to the state of a site selected by the legislative committee and paying therefor the purchase-price as agreed upon between the committee and the owners, was affirmed. In lack of power in the legislative committee to contract for the purchase of the selected site and to cause payment to be made for it, the state, assuming that power existed in the board of trustees of the charitable institutions to make the purchase, either by negotiation or condemnation, has brought mandamus in this court against the members of such board to proceed to the performance of that duty, they having, upon demand, refused to undertake it.

Two principal defenses are stated in the return to the writ: (1) That the members of the board, before the service of the writ, had been enjoined by the district court of Clay county, in an action instituted against them by the state of Kansas, upon the relation of the county attorney, from doing the required act; (2) that no statutory authority exists for its performance by them. The matter alleged in the first of the above claims of defense is admitted to be true, and we are of the opinion, without doubt, that such defense is a valid one.

1. Mandamus will not issue to parties enjoined.

"The rule is well established that the writ will not be granted to compel the performance of an act which has been expressly forbidden by an injunction in the same court or in another court of competent jurisdiction, or whose performance would be in direct violation of an existing injunction, even though the person seeking relief by mandamus is not a party to the injunction suit. Courts will not compel parties to perform acts which would subject them to punishment,

or which would put them in conflict with the order or writ of another court, nor will the court, in such cases, to which application is made for a mandamus, inquire into the propriety of the injunction.'' (High, Extr. Leg. Rem. § 23.)

The case of *Ohio & Indiana R. R. Co. v. Comm'rs of Wyandot County*, 7 Ohio St. 278, and many other like cases, support the quoted text. There are occasional apparent exceptions to this rule, one of which is *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kan. 127, but the general doctrine is as stated. The ground of the decision in that case was that the one seeking relief by mandamus had been denied admission as a party to the injunction proceeding, and, besides, had rights which could be ultimately enforced only by mandamus. Therefore, while the district courts are courts of jurisdiction inferior to the supreme court, we cannot arbitrarily ignore their judgments and orders and command the doing of an act which they, within the undoubted limits of their jurisdiction, have enjoined. We may reverse or otherwise revise their judgments and orders, but we can only do so when brought to us in a formal way for such purpose.

Before passing from this special topic we observe that the state is the plaintiff in both the injunction proceeding to restrain the doing of the act and in the mandamus proceeding to command its performance. The former, however, was brought by the county attorney, while the latter was brought by the attorney-general, both of whom are entitled to institute actions in the name of the state. What legal possibilities may be involved in this opposition of proceedings conducted in the name of the same litigant, we have not stopped to inquire, but have consented to view the matter, as counsel seemingly do, as controversies conducted by opposing parties and in behalf of opposing interests.

The application of the principles above stated is denied by counsel for the state, because, as they say, the district court of Clay county was without jurisdiction to issue the order of injunction in question, and also because it never acquired jurisdiction of the persons of the board of trustees.  Of these denials in their order.  The first is based upon the claim that the question of the right of the board of trustees to purchase or condemn the asylum site selected by

2. Res judicata— the legislative committee and to cause
case followed. payment to be made for it is *res judicata;*

that it was decided by this court, in the case of *Hornaday v. The State,* supra, that power existed in the board to make the purchase or condemnation and to make the payment.  This, it is said, removes the subject from the cognizance of the district courts in future controversies and ousts them of jurisdiction over it. Without stopping now to examine the rather novel proposition that a thing decided in the superior courts is thereafter a thing without the jurisdiction of the inferior courts, it is sufficient to say that the claimed estoppel does not exist.  In the case of *Hornaday v. The State,* the district court had enjoined the board of trustees from accepting conveyances and making payment for a site which had been bargained for by the legislative committee.  Its judgment was affirmed by this court.  In the opinion of this court one of the reasons for affirming the judgment of the district court was that the board of trustees itself, and not the legislative committee, was authorized to purchase or condemn and make payment for the selected site.  Now, this expressed view of the law did not constitute the judgment of this court nor of the district court, it only constituted a reason for the judgment.  As such it is not an estoppel.

"The conclusiveness of a judgment resides in the judgment itself and not in the reasons of the court for pronouncing it. *Held*, therefore, that the reasons given by this court for affirming the judgment of a trial court do not constitute an estoppel binding on the parties to the case." (*Bank v. Brigham*, 61 Kan. 727, 60 Pac. 754.)

Estoppels, therefore, where they exist, must be found in the declared and recorded judgments of the courts and not in their argumentative reasoning.

The claim of lack of jurisdiction over the members of the board of trustees by service of summons and order of injunction issued out of the district court of Clay county is likewise unfounded. This claim is predicated upon the assumption that the board of trustees is a body politic and corporate, that it officially exists as a collective or aggregated body only, and that its individual members have no public character or status apart from one another. From this the conclusion is drawn that service of process can be made on it only when and where it may be officially in session; that its members are subject to the jurisdiction of the courts only when and where they may be sitting as an organized body for the performance of their collective duties. We cannot agree to this. The members of the board are possessed of an official character which accompanies them throughout their respective terms. While as individual members, apart from their fellows, they may not be able to transact public business, yet they do not take on and put off their official character as the exigencies of the public service require them to convene or separate. They are each of them public officers, liable at any time to be called to the discharge of some of their public duties, and liable at any time to receive notice of public interests requiring their convocation and

*3. Jurisdiction of board of trustees.*

attention.   The duties performed by them do not require their assembly at any set time or at any particular place, but they may meet when and where, within the state, the public service may be best conserved, and they are, therefore, clothed everywhere in the state, and throughout their respective terms, with the responsibilities and official character of their positions. Article 5 of the civil code, after specifying the venue of various classes of actions, local and transitory, without, perhaps, designating the county in which actions of the character of the injunction proceeding in Clay county may be brought, declares, in section 55 (Gen. Stat. 1897, ch. 95, § 50; Gen. Stat. 1899, § 4301), that "every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned." This section, in our judgment, justified the institution of the injunction suit in that county and the service of the summons and order of injunction on a member of the board happening there, and, by another provision of the code, the summons having been rightfully served on one of the defendants in that county, process was rightfully issued against other defendants to other counties.

Counsel for defendants argue that the statute noted in the opinion in *Hornaday v. The State*, supra, as authorizing the purchase or condemnation of the asylum site selected by the legislative committee has been repealed, and that therefore the opinion upon that point in that case was based upon an error of fact.   This matter is within the province of the district court of Clay county to investigate and determine, and not for us to undertake to decide, except upon proceedings in error from the judgment that may be rendered in that case should it be brought to this court.

The peremptory writ of mandamus will be refused.