## EDWIN TUCKER v. J. A. SMITH *et al.*

### No. 12,025.   (68 Pac. 40.)

#### SYLLABUS BY THE COURT.

BONDS— *Action by Sheriff on Indemnifying Bond.*   Where, by
the terms of a bond of indemnity given to a sheriff by plaintiffs
in an attachment case, it is apparent that the obligors intended to
save such officer harmless as against all persons making claim to
the property seized, and where, in an action on such undertaking
brought by the sheriff, it is alleged that, in a suit brought
against him by one who claimed to own a part of the property
"attached as aforesaid," a judgment was rendered against said
officer which he has been compelled to pay, the petition will be sus-
tained as against a general demurrer, although some of its aver-
ments may be informal and indefinite.

Error from court of appeals, southern department ;
A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER,
judges.  Opinion filed March 8, 1902.  Affirmed. Re-
affirmed upon rehearing *in banc*, October 11, 1902, all
the Justices concurring.

*W. S. Marlin,* for plaintiff in error.

*A. L. Redden,* and *James Shultz,* for defendants in
error.

The opinion of the court was delivered by

ELLIS, J. :  This was an action brought in the dis-
trict court of Greenwood county by J. A. Smith against
Edwin Tucker and others, on none of whom service
was made except defendant Edwin Tucker, who
entered his appearance therein by filing a general de-
murrer to the petition.   The plaintiff below sought to
recover on a bond of indemnity given by Tucker as
surety, and the other defendants as principals, to in-
demnify plaintiff as sheriff against loss or damage by
reason of the levy, detention, sale or disposal of cor-

tain cattle seized by him under a writ of attachment at the request of the Missouri, Kansas & Texas Live-stock Commission Company, in a suit brought by that company in that court. An amended petition was filed in the district court on the 20th day of May, 1897, and on the 25th day of the same month the defendant Tucker filed a demurrer thereto, on the ground that it did not state a cause of action against the defendant. Such amended petition, omitting title, together with a copy of the bond, follows:

"The plaintiff says, that, on the 11th day of July, 1895, the Missouri, Kansas & Texas Live-stock Commission Company, a corporation, by its president, the defendant S. L. Brooking, caused an order of attachment to be issued from the district court of Greenwood county, Kansas, in a action wherein said corporation was plaintiff, and William Freeman, M. J. Herrick and D. H. Herrick were defendants, which said order of attachment was delivered to plaintiff, who was then sheriff of said county; that plaintiff, at the request of said corporation, the Missouri, Kansas & Texas Live-stock Commission Company, levied said order of attachment upon a certain lot of cattle as belonging to said defendant William Freeman; that at the time said order of attachment was delivered to plaintiff the cattle upon which it was afterwards levied were claimed by one W. H. Freeman, and also by the firm of Willis & Errickson; that the said Missouri, Kansas & Texas Live-stock Commission Company, in consideration of and upon the promise of this plaintiff to levy said order of attachment on said cattle, agreed with him to execute and deliver to him a bond of indemnity to secure him against any and all loss and damage by reason of the levy of said order of attachment upon said cattle, or the sale thereof under said levy, or on account of the claim of said W. H. Freeman, or Willis & Errickson, or any person or persons whomsoever; that thereupon the plaintiff levied said order of attachment upon said cattle, and took them into his possession by virtue of such levy; that on or

about the 30th day of September, 1895, while said attached property was in the possession of plaintiff by virtue of said levy of said order of attachment, the said defendant S. L. Brooking, as president of said Missouri, Kansas & Texas Live-stock Commission Company, took possession of all said attached property, consisting of about 288 head of cattle, without the knowledge or consent of plaintiff, and appropriated the same to the use of said corporation; that on the 2d or 3d day of October, 1895, plaintiff demanded of said S. L. Brooking, president aforesaid, that he return to him said attached property, which he refused to do; that in truth and in fact said cattle had before that time been sold by said Brooking for said corporation, and for that reason it was impossible for plaintiff to repossess himself thereof.

"Thereupon plaintiff demanded the bond of indemnity which said corporation agreed to execute and deliver to him as aforesaid, but which, up to that time, October 2 or 3, 1895, had not been given, and said defendants, at said time last above named, executed and delivered to plaintiff a bond of indemnity, conditioned that said principal and sureties bind themselves to pay plaintiff all damages and costs that he may sustain by reason of the detention or sale of the property levied on in the suit of the Missouri, Kansas & Texas Live-stock Commission Company against William Freeman, M. J. and D. H. Herrick, by virtue of a certain order of attachment issued in said suit, and indemnifying said plaintiff against all persons whomsoever on account of release of said levy. A copy of said bond is hereto attached, marked 'Exhibit A,' and made a part of this petition. That after the levy of said order of attachment, after said S. L. Brooking, for said corporation, took said attached property from the possession of plaintiff, as aforesaid, and after the execution and delivery to plaintiff of said bond of indemnity, the said action in which said order of attachment was issued was by said plaintiff corporation dismissed at its costs as to all the defendants therein, and all said attachment proceedings thereby became null and void.

. "Plaintiff says that while said bond of indemnity is ambiguous, imperfectly, 'inartistically' and clumsily drawn, yet it was the agreement, understanding and intention of the obligors and obligee named therein and signed thereto that it should save plaintiff harmless from any loss or damages in any manner, shape, form or fashion as the result of, or in any way connected with or growing out of, the aforesaid attachment proceedings and the plaintiff's levy of the said order of attachment, and as security for plaintiff against any loss or damage that he might sustain or suffer in case said attachment should be discharged or become void for any reason, and he be unable to return said attached property to the persons lawfully entitled to the same, on account of the acts or proceedings concerning said property by the plaintiff in the action in which said order of attachment issued, to wit, the Missouri, Kansas & Texas Live-stock Commission Company, or any other person or persons ; that on the 20th day of February, 1896, said William Freeman brought an action against this plaintiff in the district court of Greenwood county, Kansas, for the recovery of the value of 188 head of cattle attached as aforesaid, and on the 20th day of November, 1896, recovered a judgment in said court against this plaintiff for the sum of $683.64, and costs of the action, taxed at $94.98, and amounting, in the aggregate, to the sum of $778.62 ; that on the 26th day of February, 1897, the said William Freeman caused execution to be issued on said judgment and placed in the hands of the sheriff of said county, and this plaintiff was compelled to pay said judgment and costs ; that plaintiff duly notified the defendants herein of the institution and pendency of said action against him, and they employed counsel to defend the same for him ; that judgment was so rendered against plaintiff in said cause as aforesaid, and before the commencement of this action he demanded of said defendants herein that they reimburse him for the amount of said judgment and costs so as aforesaid rendered against and paid by him, but they have failed and neglected to pay the same and save harm-

less this plaintiff, as provided in said bond of indemnity.

"Wherefore, plaintiff prays judgment against said defendants, and each of them, for the sum of $778.62 with lawful interest thereon, and the costs of this action.                           JAMES SHULTZ,
                              T. L. DAVIS,
                           *Attorneys for Plaintiff.*

"EXHIBIT A.
"IN THE DISTRICT COURT OF GREENWOOD COUNTY.
"The Missouri, Kansas & Texas Live-stock Commission Company, *Plaintiff,* v. William Freeman, M. J. and D. H. Herrick, *Defendants.*

"We, the undersigned principal and sureties, bind ourselves hereby to pay to J. A. Smith, as sheriff, all damages and costs that he may sustain as such sheriff by reason of the detention or sale of the property levied on in this suit by virtue of a certain writ of attachment herein, and now claimed as the property of W. H. Freeman, in an action against said sheriff by said W. H. Freeman in said court for conversion, and indemnifying said sheriff for release of said levy against all persons whomsoever.
                   S. L. BROOKING,
            *President M. K. & T. L. S. Comm. Co.*
                      S. L. BROOKING.
                    EDWIN TUCKER."

Upon a hearing, the district court sustained the demurrer, and the plaintiff, electing to stand on his petition, took the case to the court of appeals, southern department, central division, where, in due time, the judgment of the district court was reversed (*Smith v. Brooking,* 10 Kan. App. 523, 63 Pac. 19), and Tucker prosecuted a proceeding in error to this court to reverse such decision of the court of appeals.

The right of the court of appeals to entertain the case is here challenged, because of imperfections in the transcript of the record. As the allegations of plaintiff in error are not supported by evidence which

may be here considered, his contention cannot be upheld. We are at a loss to know on what ground the district court sustained the demurrer. It seems to be contended, however, by counsel for plaintiff in error, that the court of appeals decided the case on the ground that plaintiff below was entitled to recover for a "release of levy," and that no sufficient allegation of such a breach of the bond was made. It may be conceded that the allegations of the petition are not definite and certain, and a motion directed to such defects would have been justified; still it sufficiently appears from the averments of the petition that the plaintiff has been damnified by reason of the official acts performed by him under the writ of attachment, at the request of the plaintiff in that action, and the nature and extent of the injury which he has sustained is fairly apparent. It is evident that the bondsmen undertook to indemnify the sheriff against such a loss as did, in fact, accrue to plaintiff below in the premises.

As these facts are averred, though "clumsily," in the pleading, and the conclusions are a reasonable deduction therefrom, it follows that the district court erred in sustaining the demurrer.

The judgment of the court of appeals is affirmed, that of the district court reversed, and the case remanded for further proceedings in accordance with this opinion.

DOSTER, C. J., JOHNSTON, POLLOCK, JJ., concurring.