Warren
*v.*
Manufacturers' Ins. Co.

## THOMAS SCANLAN *et ux. versus* HENRY WRIGHT.

An office copy of a registered deed is good evidence, *primâ facie,* where the party producing it is not the grantee, nor presumed to have the original in his custody, or power, although the grantee may be within the jurisdiction of the court, and might have been summoned to produce the original.

An American consul at a foreign port is a "magistrate," within the meaning of *St.* 1783, *c.* 37, § 4, which provides, that deeds should be acknowledged "before a justice of the peace in this State, or before a justice of the peace or *magistrate* in some other of the United States of America, or in any other state or kingdom wherein the grantor or vendor may reside," &c.

Where an alien who has been once seised of an indefeasible estate in land in this State, conveys, his deed vests an estate in his grantee, subject only to be devested by the government.

If land is conveyed to the wife of an alien, the husband becomes seised jointly with the wife, in her right ; his estate however being subject to escheat at the suit of the government.

Where an undivided moiety of lands is conveyed to the minor wife of an alien friend, and they join in a petition for partition, in the usual form, it is too late, after issue is joined on the merits, to object that the husband is an alien, or that the wife should have sued alone by her guardian or next friend.

Where land is conveyed by deed to E. A. C., which was the name of E. A. S. before her marriage, parol evidence is admissible to show that E. A. S. was the person to whom the grant was intended to be made, that her marriage was unknown to the grantor, and that there was no other person claiming to bear the names used in the deed, or claiming title under it.

Where an estate is conveyed, by deed poll, to a married woman under age, the estate vests, subject only to be devested in case she shall disagree to it when of full age and discovert.

PETITION for partition. The petitioners, who were husband and wife, averred their seisin in her right, of an undi

Scanlan
*v.*
Wright.

vided moiety of the premises described in the petition, con·sisting of a brick tenement and the appurtenances in Boston.

The respondent traversed the seisin of the petitioners, upon which plea issue was joined.

At the trial, which was before *Shaw* C. J., the petitioners gave in evidence a deed from Ebenezer T. A ̷drews and wife to John Cheverus, dated May 11, 1809, which embraced the whole of the premises. Also, a deed of Cheverus to the respondent, dated August 16, 1821, of one half of the premises.

They then produced a registry copy of a deed of Cheverus, in which he is described as " formerly resident in the city of Boston, in the United States of America, but now of Bordeaux in the kingdom of France, Roman Catholic Archbishop," to Benedict Fenwick of Boston, Roman Catholic Bishop. This deed, which was executed at Bordeaux, on October 24, 1828, acknowledged before D. Strobel, the American consul at that port, and recorded in the registry of deeds of Suffolk county, purported to convey all the real and personal estate, of which Cheverus was seised, or pos·sessed, either in trust or in his own right, in the United States, and particularly in Boston, without describing any estate in particular. The acknowledgment was recorded, in the chancery of the consulate.

To the admission of this evidence several exceptions were taken.

1. That the original deed should have been produced, and the execution proved.

2. That the deed was not acknowledged before a magistrate conformably to the provisions of *St.* 1783, *c.* 37, § 4.

3. That Cheverus, being a naturalized alien, upon his removal to France and acceptance of a high civil and ecclesiastical office in that country, previously to the date of this deed, must be deemed to have renounced his allegiance to the United States, and ceased to be a citizen thereof, and so was disqualified to convey real estate in this commonwealth, by deed.

These objections were overruled.

The petitioners then gave in evidence a deed of Fenwick

to Eliza Ann Castin, dated June 29, 1830, conveying to her an undivided moiety of the premises ; which deed was made in pursuance of an affidavit exhibited to him, by which it appeared that she was the person entitled ; and it was proved that the same Eliza Ann Castin was married in New York to Thomas Scanlan, on April 28, 1829, but that at the time of the execution of the deed, it was not known to the solicitor by whose request and agency the conveyance was made, that they were married ; that they were the petitioners in this suit ; that at the time of the conveyance and of the commencement of this suit, the petitioner, Eliza Ann Scanlan, was a minor. It was further proved, that the petitioner, Thomas Scanlan, was a native of Ireland ; and no evidence was given of his having been naturalized.

Scanlan <i>v.</i> Wright.

To this conveyance, the following exceptions were taken.

1. That by the deed to Eliza Ann Castin, in which she is described by her maiden name, after her marriage, no estate passed either to her, or to her and her husband jointly, and they did not become seised.

2. That, as the husband was an alien, and the wife a minor, for this cause also they did not become seised.

3. That, as the husband was an alien and the wife a minor, at the time this suit was commenced, they were not competent to commence and prosecute the suit.

These several objections being overruled *pro formâ*, and the questions thereon reserved, a verdict was rendered for the petitioners, by consent, subject to the opinion of the Court.

If the Court should be of opinion, that the petitioners were not entitled to partition, the verdict was to be set aside, and the petition dismissed ; otherwise, judgment was to be rendered on the verdict, or a new trial was to be granted, as the Court might order.

*S. D. Parker* for the respondent. As the deed from Cheverus to Fenwick is a recent deed and the grantee is within the jurisdiction of the Court, a registry copy is not competent evidence. *Hathaway* v. *Spooner*, 9 Pick. 26 ; *Eaton* v. *Campbell*, 7 Pick. 10 ; 1 Stark. on Evid. 368, note.

*March 4th.*

This deed was not duly acknowledged. An American consul in a foreign port is not a " magistrate," within the

meaning of *St.* 1783, *c.* 37, § 4.   He is merely a commercial agent, deriving his authority from the laws of the United States ; and these laws can confer no authority in regard to the acknowledgment of deeds of land situated in Massachusetts.   It is necessary that the person taking the acknowledgment should be a magistrate exercising authority by virtue of the laws of the country in which he resides, and whose records would be evidence as records.   Now if this deed was not duly acknowledged, it should not have been recorded ; and if not duly recorded, a registry copy is incompetent evidence.

Supposing a good title passed to Fenwick, yet Eliza Ann Scanlan could take nothing by his deed to Eliza Ann Castin. *Thomas* v. *Thomas*, 6 T. R. 671.   And parol evidence is inadmissible to show who was intended.

As the petitioner, E. A. Scanlan, was a minor when the suit was commenced, she should have sued by her guardian or next friend.   And although this may be matter in abatement, yet the objection was seasonably made ; for otherwise, as petitions for partition may be presented at any time during the term, the petition might have been presented on the last day, and so no opportunity would be given to plead in abatement.

*B. Rand* and *E. Blake*, for the petitioners, as to the competency of the registry copy, cited *Eaton* v. *Campbell*, 7 Pick. 10 ; *Hathaway* v. *Spooner*, 9 Pick. 26 ; as to the sufficiency of the acknowledgment, Act of Congress, 1792, *c.* 125 (24), § 2, 4, 9 ; 1 Kent's Comm. (2d edit.) 42 ; Act of Congress, 1803, *c.* 322 (62), § 9 ; 1 Chit. Commercial Law, 49 ; *The Bello Corrunes*, 6 Wheat. 156, note ; Todd's Johnson's Dict. *Consul* ; *Worcester* v. *Eaton*, 13 Mass. R. 377 ; as to the point, that Cheverus had become an alien, and so was disqualified to convey real estate in Massachusetts, 2 Kent's Comm. 42, 49. ; *Talbot* v. *Janson*, 3 Dallas, 133 ; *Murray* v. *The Charming Betsy*, 2 Cranch, 64 ; *United States* v. *Gillies*, 1 Peters's C. C. R. 159 ; *Sheafe* v. *O'Neil*, 1 Mass. R. 256 ; *Storer* v. *Batson*, 8 Mass. R. 445 ; *Fox* v. *Southack*, 12 Mass. R. 143 ; Shep. Touch. (by Preston) 56 ; as to the ambiguity in the description of the grantee in Fenwick's deed, and the admissibility of parol evidence to explain it, *Hall* v. *Leonard*, 1 Pick. 30 ; Dick-

son on Title Deeds, 491, 501 ; *Shaw* v. *Loud*, 12 Mass. R. 447 ; *Leland* v. *Stone*, 10 Mass. R. 459 ; 1 Phillips on Evid. 513 ; *Richards* v. *Killam*, 10 Mass. R. 244 ; *Davenport* v. *Mason*, 15 Mass. R. 90 ; *Brigham* v. *Rogers*, 17 Mass. R. 574 ; *M' Gregor* v. *Brown*, 5 Pick. 170 ; to the point, that the petitioners did not become jointly seised, because the husband was an alien, and the wife, a minor, Cruise's Dig. *tit.* 32, *Deed*, *c.* 2, § 28, 31 ; to the point, that the incompetency of the petitioners to commence this suit should have been pleaded in abatement, *Sewall* v. *Lee*, 9 Mass. R. 363 ; *Martin* v. *Woods*, ibid. 377 ; *Ainslie* v. *Martin*, ibid. 454 ; *Hutchinson* v. *Brock*, 11 Mass. R. 119 ; *Langdon* v. *Potter*, ibid. 313 ; Jackson on Real Actions, 60 ; Stearns on Real Actions, 106 ; *Blood* v. *Harrington*, 8 Pick. 552 ; *Schemerhorn* v. *Jenkins*, 7 Johns. R. 373 ; as to the point, that the petition was rightly brought by the husband and wife, Bac. Abr. *Guardian*, *E* ; 2 Dane's Abr. 10, § 4, and 39, § 1 ; and to the point, that under this issue only the question of seisin can be tried, Roscoe on Real Actions, 219 ; Co. Lit. 31 *b* ; *Anon.* Dyer, 41 *a* ; *Anon.* 1 Leon. 86.

SHAW C. J. delivered the opinion of the Court. The petitioners pray for partition, and set forth title to one undivided half of the premises described, as claimed in right of the wife, and several exceptions are taken by the respondent, to the title of the wife.

1. The seisin of Andrews and wife, being conceded, the conveyance to Bishop Cheverus vested the estate in him. The first question arises upon the evidence offered, to prove a conveyance from Bishop Cheverus to Bishop Fenwick ; which was a copy from the registry of deeds. It was objected, that as the grantee was within the jurisdiction of the Court, he should have been summoned to produce the deed. But this objection cannot be sustained. In the case of *Eaton* v. *Campbell*, 7 Pick. 10, this point was fully considered, both upon principle and practice, and the rule was established, that the copy of a deed from the registry is good evidence *primâ facie*, and dispenses with the production of the original, except where a grantee relies on the immediate deed to himself, or where, from the nature of the conveyance, the deed s presumed to be in his own custody, or power.

Scanlan
*v.*
Wright.

*March* 18*th*

2. The next question is, whether this deed was rightly admitted to be registered in this county, it being objected that it was not acknowledged by the grantor, conformably to the statute. This statute requires that the deed be " acknowledged by the grantor, before a justice of peace in this State, or before a justice of peace or magistrate of some other of the United States, or in any other state or kingdom wherein the grantor or vendor may reside, at the time of making and executing the deed." This deed purports to have been acknowledged before D. Strobel Esq., consul of the United States for the city of Bordeaux in France, Bishop Cheverus, the grantor, then residing at that place. The question is, whether an American consul is a magistrate, within the meaning of the statute.

It is difficult to fix any definite meaning to the word " magistrate," a generic term importing a public officer, exercising a public authority ; it was intended, we think, to use a term sufficiently broad to indicate a class of officers, exercising an authority similar to that of justices of peace in our own State, or as nearly so as the difference in the forms of their governments and institutions would permit. It was to provide for the execution and acknowledgments of deeds, in all foreign countries. It may be remarked, as a circumstance of some consideration, that the acknowledgment is to be before some justice of peace or magistrate *in* any other state or kingdom, not *of* any other state.

There is nothing to indicate what kind of magistrate was intended, except the nature of the act to be done and the connection in which the term is used. The act is a ministerial one ; it is to be before a justice of peace or magistrate. The maxim *noscitur a sociis* applies. It must then be a ministerial officer, exercising like powers with those of a justice of peace in this commonwealth, when acting in his ministerial capacity. Such an officer, we think, is a consul in a foreign country, at least in respect to the persons and interests of the country from which he is sent. An American consul in France, derives his authority, in effect, from both governments ; he has his commission from the United States, but his *exequatur* from France ; and it is, in truth, in virtue of

the authority vested in him by the latter, that he exercises any official authority within the territorial limits of the latter. *The Bello Corrunes*, 6 Wheat. 156, note ; 1·Chitty's Com. Law, 48.

This view is somewhat confirmed by the statute law of the United States ; Act of Congr. 1792, *c*. 24, § 2 ; which provides, that consuls shall have right in the posts or places to which they are appointed, of receiving the protests and declarations which masters, &c., who are citizens of the United States, may choose to make there, and also such as any foreigner may choose to make before them, relative to the personal interest of any citizens of the United States. The same statute, § 9, provides, that the specific enumeration of powers therein expressed, shall not be deemed to exclude such others as result from the nature of the office. An officer, authorized by the concurrence of both governments to exercise such powers in France, is, we think, a magistrate competent to take in France, and authenticate by his official act, the declaration of the grantor of a deed, that he has executed the same freely, as his act and deed, and that such acknowledgment so authenticated is sufficient to warrant the register of deeds in this commonwealth to record it.

3. In regard to the other objection, that Bishop Cheverus, by accepting a civil and ecclesiastical office in France, renounced his American allegiance, and so became an alien, and that therefore nothing passed by his deed, the consequence which is suggested, would not follow, if the fact were proved. Were he in all respects an alien, having been once well seised of an indefeasible estate, his conveyance would not be void ; it would vest an estate in his grantee, subject only to be defeated by the government.

The other objections to the petitioners' title cannot be sustained, especially when taken by a stranger, one who does not himself claim the same title. So far as the alienage of Thomas Scanlan is relied upon, as disabling him to join with his wife, in this petition, it is in abatement only, and comes too late. If it be contended, that he could not take and become seised jointly with his wife in her right, this is contrary to the rule of law, which is, that an alien may take, but cannot

hold, against the government; he takes a defeasible estate, subject to escheat, at the suit of the government. But till office found, he is seised. If it be contended, that on a feoff ment to the wife, the husband becomes seised by act of law, and as in case of descent, the law will not cast seisin of an estate upon one who cannot hold it, the consequence would be, that the wife would remain seised alone, and that she must petition by her husband as guardian or next friend, instead of joining with him in the usual form. But this would be mere matter of form, not affecting the title or merits of the case.

As to the deed being made to the female petitioner, by the name which she bore before her marriage, we think it is the common case of a person known by different names. She bore the name of Eliza A. Castin, till her marriage; and it appears, that she was the person intended and understood by the grantor, that he used the name by which he had known her, and by which she had always been known till her mar riage, and it does not appear that her marriage and change of name were known to Bishop Fenwick, who conveyed the estate to her in execution of a trust. We think it was no violation of the rule, which rejects parol evidence when offered to contradict or control a deed, to show that the petitioner was the person to whom the grant was made, that she was in fact known by her maiden name to some per sons and especially to the grantor, and that there was no other person claiming to bear the name used in the deed, or claim ing title under it. *Hall* v. *Leonard*, 1 Pick. 27.

The circumstance of her being a *minor* and a feme covert, did not prevent the estate from vesting; where an estate is conveyed by deed poll to a minor or married woman, the es tate vests, subject only to be devested in case she should disa gree to it, when discovert and of full age.

*Judgment on the verdict.*