ARMSTRONG *v.* ANDREWS.

1. CONTRACT—PAYMENT—CONDITION PRECEDENT.

A contract for the construction of a driveway of a specified width, and of "about" a designated length, for a given price per square foot, "payment to be a good and sufficient note, at 60 days, upon completion of work," does not make the giving of the note a condition precedent to the right to demand a performance of the work.

2. SAME—UNCERTAINTY.

The use of the term "good and sufficient," in a contract providing that payment for work done thereunder shall be by "a good and sufficient note at 60 days," does not render the contract void for indefiniteness, it being construed to require such a note as can be readily discounted at a reputable bank in the place where the parties reside.

3. SAME—PLEADING—DENIAL OF EXECUTION.

Where the declaration in a suit upon a contract fails to set it out *verbatim* or to aver that it was in writing, the failure of the defendant to file with his plea an affidavit of non-execution will not prevent him from showing upon the trial that the contract was not his individual obligation.[1]

4. EVIDENCE—AGENCY—INDIVIDUAL LIABILITY.

Parol evidence is admissible to show whether a corporation or an individual is liable on an accepted order for paving addressed to and guaranteed by the corporation, but signed by the individual without any designation of agency, and containing a marginal provision in which the individual agrees to pay for all material furnished by the party giving the order.

Error to Kent; Adsit, J. Submitted April 10, 1896. Decided June 2, 1896.

*Assumpsit* by Denson H. Armstrong against Samuel F. Andrews for the breach of a paving contract. From a judgment for plaintiff, defendant brings error. Reversed.

[1] For cases bearing upon this question, see *Insurance Co.* v. *Howell*, 101 Mich. 335, and note; *Bank* v. *Insurance Co.*, 107 Mich. 543.

The dispute in this case arises upon the following instrument:

"APRIL 8, 1893.

"GRAND RAPIDS SIDEWALK CO.,

"105 Ottawa St., Grand Rapids, Mich.

"*Dear Sirs:* You will please construct for me on or about April 20, 1893, on my premises, Richard Terrace, a driveway made of your patent tar concrete, 26 feet wide, and about 500 feet in length, for which I agree to pay you 6 cents per square foot, surface measure; payment to be a good and sufficient note, at 60 days, upon completion of work.

"DENSON H. ARMSTRONG.

"S. F. ANDREWS."

At the foot of this instrument was a printed warranty, as follows: "The Grand Rapids Sidewalk Co. guarantee the above-described tar concrete work shall be in good, serviceable condition at the expiration of five years from the date of its completion." The signature, "Grand Rapids Sidewalk Co.," was also printed. On the margin of the instrument appears the following: "Said Armstrong also agrees to grade at his own expense, according to city survey; and said Andrews agrees to pay $1 per yard for all stone furnished by said Armstrong."

This instrument was executed in duplicate, each retaining one. The one kept by Andrews differs from the other only in that it contains the word "after" instead of "upon," in the agreement, before the word "completion." The defendant refused to do the work. Plaintiff employed other parties to do it, and then instituted this suit to recover damages for breach of contract, and recovered a verdict for $326.30.

*C. O. Smedley* (*Benn M. Corwin*, of counsel), for appellant.

*Frank W. Hine*, for appellee.

GRANT, J. (*after stating the facts*). 1. The court instructed the jury that the provision, "payment to be a

good and sufficient note, at 60 days, upon completion of work," meant that such note was to be given at the completion of the work, payable in 60 days. The defendant contends that the giving of the note was a condition precedent to the performance of the contract. We think the court was correct. The amount could not be determined until the contract was performed. · It could not, therefore, have been contemplated that the note was to be first given. It is quite evident, also, from a letter written by the defendant to the plaintiff, June 14th, that he did not then so understand it.

2. It is also claimed that the term "good and sufficient" is indefinite, and that for this reason the contract is void. The court instructed the jury that this term meant "such a note as he could get his money on, which could be readily discounted at some one or more of the reputable banks of the city where the parties, the maker and the indorser of the note, reside, and a bank which was doing a general discount business." We think this instruction correct, and that the contract was not void for indefiniteness. Defendant's counsel cite, in support of their contention, *Thomas* v. *Greenwood*, 69 Mich. 215. The terms of the offer in that case were "cash or approved notes." In reply to the proposition, plaintiff wrote to ship the goods at once, and, "on receipt of invoice, will forward note due four months from March, 1886." The defendants refused to ship the goods. The distinction between that case and this is apparent. There the note was to be given as a condition precedent to the delivery of the goods, and the amount was fixed. In this case, manifestly, the work was to be done before the note was to be given, and the amount could not be determined until it was done. It was there held the note was to be one that could be used the same as cash.

3. It is urged that this contract was not the contract of the defendant, but of the Grand Rapids Sidewalk Company, and that the court erred in not so holding, and in rejecting parol testimony tending to show that the defend-

ant was an officer of that company, and that the contract was executed as the contract of the company. The plea was the general issue, and it is urged on behalf of the plaintiff that this defense cannot now be interposed, since the defendant did not deny the execution of the contract, under Rule 79. The obvious reply to this contention is that the declaration did not aver that the contract was in writing, nor set it out *verbatim*. The numerous authorities cited by the plaintiff do not, therefore, apply.

The authorities are not in harmony as to the effect to be given to a contract where one of the parties is described in the body of the contract as an agent, or signs it as an agent. The mere description of the party is of but little moment, where it clearly appears upon the face of the contract that the party intends to bind himself as principal. Such is the case of *Landyskowski* v. *Lark*, 108 Mich. 500. So, also, where it clearly appears that the contract is made for and on behalf of a principal, the agent will not be bound. The difficulty arises in the phraseology of the contracts which come before the courts for interpretation. The true rule is stated by Mechem to be:

"Where anything on the face of the paper suggests a doubt as to the party bound, or the character in which any of the signers has acted in affixing his name, testimony may be admitted between the original parties to show the true intent." Mechem, Ag. § 442.

None of the authorities cited by the plaintiff involve a contract like the one before us. In the case of *Matthews* v. *Jenkins*, 80 Va. 463, the agreement is between "T. W. Matthews, Secretary of the Mutual Endowment Association," and "S. T. Jenkins," and recites that "Matthews agrees to pay said Jenkins $200 per month as a guaranteed salary as a general manager and agent of the southern department of said association, and all the commissions of the membership fee over and above 20 per cent.," etc. This is signed "T. W. Matthews." The question was raised on demurrer. It was held that the contract on its

face was the individual contract of Matthews, and did not indicate an intention to do a mere ministerial act in giving effect and authenticity to the promise of another. It was there said: "In this case we have no parol evidence to aid us in the construction of the contract;" thus intimating thàt, upon a trial upon the merits, it would be competent to introduce parol evidence to show that it was in fact the contract of the association, and was so understood by the plaintiff. The contract in the present case consists of a letter or order and its acceptance. The order was not directed to the defendant, but to the sidewalk company. The sidewalk company attached its guaranty at the foot. This, clearly, indicated that it was the contract of the company. The use of the personal pronoun "I," the signature of the defendant without any designation of agency, and the marginal provision, indicate a personal contract on the part of Andrews. We think this, clearly, a case for the admission of parol evidence to show whose contract it in fact was, and how it was understood by the parties. 1 Greenl. Ev. § 282; *Keidan* v. *Winegar*, 95 Mich. 430; *Lacy* v. *Dubuque Lumber Co.*, 43 Iowa, 510.

Reversed, and new trial ordered.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.