THE VAN ARSDALE-OSBORNE BROKERAGE COMPANY V. JOHN W. FOSTER.

No. 15,895.    (100 Pac. 480.)

SYLLABUS BY THE COURT.

1. WRITTEN CONTRACT — *Ambiguity—Parties—Parol Evidence.* Where it appears from a written contract that it was intended to bind some particular parties, but the contract does not show with certainty who the parties to it were, parol proof may be admitted to establish the identity of such parties.

2. PETITION—*Election of Counts.* In order to meet the possible exigencies of the proof it was competent for the plaintiff to allege its right of recovery in two counts, one on the contract and the other for money had and received, although both are founded on the same transactions.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed March 6, 1909. Reversed.

*William Keith,* for plaintiff in error; *Kos Harris,* and *V. Harris,* of counsel.

*C. V. Ferguson,* for defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by the Van Arsdale-Osborne Brokerage Company, a corporation, as assignees of Van Arsdale & Osborne, partners engaged in the insurance brokerage business, against John W. Foster, a solicitor of insurance under them. Van Arsdale & Osborne were general agents for the St. Paul Fire and Marine Insurance Company, of St. Paul, Minn., and it was alleged that they employed John W. Foster to solicit insurance for the St. Paul Fire and Marine Insurance Company in consideration of the payment of a certain per cent. of the premiums on the policies accepted by the company. It was further alleged that the terms of the contract provided:

"It is further agreed by said solicitor that, in all cases where notes are taken by him for insurance and said notes remain unpaid for six months after due, the commission advanced by the said company shall be refunded by the said solicitor, and the said company is hereby authorized to charge up said amounts against said solicitor in his current account. The company will charge back commissions on all canceled policies and retain the same from all monthly remittances."

In pursuance of the agreement defendant solicited insurance, and this action is brought to recover certain advancements of commissions on policies not accepted or which lapsed because of the non-payment of the premium notes. The plaintiff presented a claim of $156.48 in one count based on the contract, and in a second count alleged a general indebtedness of $156.48, a promise to pay the same, and a refusal to do so. The answer of the defendant was a general denial, and after the trial had proceeded for some time and considerable testimony had been received the court required the plaintiff, over its objection, to elect upon which cause of

action it would rely, and it elected to rely upon the count setting up the contract.

Afterward, upon agreement of the parties, the plaintiff's pleading was amended by attaching thereto a copy of the contract under which the action was brought, and it was also stipulated that the bond given by defendant for the faithful carrying out of the contract, which was a part of the same transaction, should be treated as a part of the contract and attached to the pleading. At the head of the written contract was the statement, "Van Arsdale & Osborne, General Agents Farm Department, St. Paul Fire and Marine Insurance Company, St. Paul, Minn.," and in several places throughout the writing "said company" is spoken of as one of the contracting parties, but it was signed by Van Arsdale & Osborne and not by the insurance company. The bond given by Foster, which it was stipulated should be treated as part of the contract, clearly stated that the contract was between Van Arsdale & Osborne on the one part and Foster on the other.

Plaintiff offered to show that Van Arsdale & Osborne, and not the insurance company, was the party contracting with Foster, and that the mistake occurred because of the use of a printed blank of the insurance company, but the court excluded the testimony and refused to allow plaintiff to prove by any extrinsic evidence that the party contracting with Foster was Van Arsdale & Osborne. This was error. Such proof in no way contradicted the written agreement and did not vary any condition or obligation of the agreement, but only served to identify the contracting parties upon whom the obligations rested. Looking at the contract apart from the bond given at the same time it might be inferred that the insurance company was contracting with Foster. The company, however, did not sign the writing, nor did it appear to have been signed by any one for the company. There is therefore an ambiguity as to whether the agreement was the act of the insurance company or of Van Arsdale & Osborne. It has

been held that where a writing is indefinite and ambiguous parol proof may be received to show the relations and the real intent and meaning of the parties. (*Cattle Co. v. Guthrie,* 56 Kan. 754, 44 Pac. 984; *Bank v. Brigham,* 61 Kan. 727, 60 Pac. 754.)   The stipulation of the parties that the bond should constitute a part of the transaction and contract itself went far to clear up the uncertainty.   Looking at this alone it would appear that the contract had no application to the insurance company, and were it not for the phrase "said company," which occurs several times in the contract, there would be no uncertainty as to who was meant to be bound by the conditions of the contract.   Who was referred to as the contracting parties was therefore a question of identification rather than of conditions or obligations.   In a case in Maine, where there was some confusion as to the name of a grantee in a deed, it was said:

"It is of course common learning that parol evidence should not be received to contradict or vary the terms of a written instrument.   It is equally well settled, however, that parol evidence must often be received to identify the persons or things named in a writing.   We think the question here is one of identification, and not one of meaning or terms."   (*Andrews v. Dyer,* 81 Maine, 104, 106, 16 Atl. 405.)

Parties in Chicago sent packages of pelts to the office of the Adams Express Company, to be carried to New York.   The agent took a blank receipt of the United States Express Company and wrote the word "Adams" over the words "United States," and inserted therein a description of the goods, but in the body of the receipt he left the exemption clause unchanged, so that it read "the said United States Express Company are not to be held liable," etc., for loss or damages except as forwarders, nor for any loss in excess of $50, unless the value is stated.   The receipt was signed by the agent of the Adams Express Company and delivered to the shipper. The pelts were burned before they reached New York,

and a question arose as to the liability of the Adams Express Company. It was held by the supreme court of Illinois that the United States Express Company was in no sense a party to the contract, and that an instruction assuming that the exemption in the receipt applied to the United States Express Company was palpable error. It was further held that whether the exemption clause of the receipt related to the Adams or the United States Express Company, and what was the intent of the parties giving the receipt or writing, might be shown by proof de hors the receipt. (*Adams Express Co. v. Boskowitz et al.*, 107 Ill. 660.) Among the many cases showing that the question involved is one of identity of parties, and that parol proof is admissible to show to whom the provisions of the contract applied and upon whom its obligations rested, the following may be cited: *Staak v. Sigelkow*, 12 Wis. 234; *Armstrong v. Andrews*, 109 Mich. 537, 67 N. W. 567; *Simons v. Marshall*, 3 Iowa, 502; *First National Bank v. North*, 2 S. Dak. 480, 51 N. W. 96; *Nixon v. Cobleigh*, 52 Ill. 387; *Hogan v. Wallace*, 166 Ill. 328, 46 N. E. 1136; *Haskell v. Tukesbury*, 92 Maine, 551, 43 Atl. 500, 69 Am. St. Rep. 529; *Kean v. Davis*, 21 N. J. Law, 683, 47 Am. Dec. 182; *Stokes v. Riley*, 29 Tex. Civ. App. 373, 68 S. W. 703; *Walker, guardian, v. Wells*, 25 Ga. 141, 71 Am. Dec. 164; *Hicks v. Ivey*, 99 Ga. 648, 26 S. E. 68; *Lamar v. Minter*, 13 Ala. 31; *Scanlan v. Wright*, 30 Mass. 523, 25 Am. Dec. 344; *James M. Holmes v. Jarrett Moon & Co.*, 54 Tenn. 506.

The remaining complaint is upon the ruling requiring plaintiff to rely upon a single count of its pleading. While manifestly both counts pleaded by plaintiff are based on the same transactions, it should not have been limited to the statement embodied in a single count. In *Edwards v. Hartshorn*, 72 Kan. 19, 82 Pac. 520, 1 L. R. A., n. s., 1050, it was said:

"A party may, however, have demands of a different nature founded on the same transaction, which he may

state in separate counts, although only one recovery can be had. There are times when a party can not well anticipate what the testimony will develop, and to meet any possible phase of the evidence he may state his cause of action in different counts." (Page 23.)

(See, also, *Berry v. Craig,* 76 Kan. 345, 91 Pac. 913.)

The judgment of the district court is reversed, and the cause remanded for a new trial.