**CARTER OIL CO. v. GARR et al.**

No. 9416—Opinion Filed Aug. 13, 1918.

(174 Pac. 498.)

1. **Pleading—Cause of Action—Several Counts.**

Where a party has two or more distinct and separate reasons for the obtainment of the relief he asks, and where there is some uncertainty as to the grounds of recovery, the complaint may set forth a single claim, or ask for the same relief in several distinct counts or statements.

2. **Evidence—Parol Evidence — Memorandum of Contract.**

A memorandum relied upon by the plaintiffs in error as a written contract examined, and held insufficient to constitute a

contract, so as to preclude the right of recovery in this action to the defendants in error.

(Syllabus by Hooker, C.)

Error from District Court, Payne County; John P. Hickam, Judge.

Suit by O. A. Garr and A. R. Swann against the Carter Oil Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Jas. A. Veasey, L. G. Owen, and Robert A. Lowry, for plaintiff in error.

L. V. Orton, for defendants in error.

Opinion by HOOKER, C. The defendants in error instituted suit in the lower court against the plaintiff in error to recover commissions alleged to be due to them for services performed in procuring certain leases for the company. In the petition two causes of action are set up—one upon an express contract, the other upon a quantum meruit; both, however, relating to the same transaction. In the first cause of action it is alleged that on the 21st day of March, 1916, the plaintiffs below made and entered into an oral agreement with the company whereby they were employed by the company to procure for it certain oil and gas leases upon certain real estate in Payne county, Okla., and for their services in procuring said leases the plaintiff in error agreed to pay them a commission of $2.50 per acre, and that under and by virtue of said agreement they performed said services—that is, procured said leases—and was due therefor the sum of $1,400. In the second cause of action they allege the same state of facts, but seek to recover upon a quantum meruit, alleging that a fair and reasonable price for their services was $2.50 per acre, and that they had performed all they were employed to do, and that there was justly due them the sum of $1,400.

The defendant below filed an answer, which consisted of a general denial, and the further defense that on or about the 21st day of March, 1916, it entered into an agreement with said plaintiffs for the purchase of the oil and gas leases set forth in the petition, but denied that said agreement was oral, or that the terms and conditions thereof were as set forth in said petition, and denied that it employed the plaintiffs to procure said leases for it, as alleged in either cause of action. It is further contended that the agreement between them was in writing, and copies thereof were attached to the answer, by the terms of which it is alleged they were only paid $2.50 per acre, same being the entire consideration

which it was to pay for said leases, and that the $2.50 included the price to the owner as well as the commission to the plaintiffs below.

A trial was had in the lower court, and a judgment rendered in favor of the plaintiffs below for the sum of $500, from which the company has appealed, and assigns as error: First, that the lower court should not have submitted this cause to the jury upon an express contract and upon a quantum meruit; second, that the lower court erred in not requiring the plaintiffs at the close of their evidence in chief to elect upon which count they would stand, whether upon an express contract or upon a quantum meruit; third, that the court erred in not submitting to the jury the entire law of the case, and in failing to submit to the jury the right of the defendant below to have a verdict, if the jury found that the express contract was made, upon the terms claimed by the defendant; fourth, that the court erred in admitting evidence over the objections of the defendant as to the reasonable value of the plaintiffs' services; fifth, that the court erred in refusing to give instructions requested by the defendant.

Thus it will be seen that, under the allegations of the pleadings here, plaintiffs below contended in the first instance that they had an express oral contract with the company, whereby the company agreed to pay them $1,400 for the performance of certain services, and that they had performed said services, and said amount was due; and in the second count of said petition they sought to recover upon a quantum meruit for the services thus performed, and that the defendant company contended that the entire contract and agreement existing between them and the plaintiffs below was in writing. Section 4738, Rev. Laws 1910, is as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes: First. The same transaction, or transactions, connected with the same subject of action. Second. Contracts, express or implied."

This court, in the case of Harris v. Warren-Smith Hdw. Co., 44 Okla. 477, 144 Pac. 1050, has said:

"Where a party has two or more distinct and separate reasons for the obtainment of the relief he asks, and where there is some uncertainty as to the grounds of recovery, the complaint may set forth a single claim, or ask for the same relief in several distinct counts or statements."

This court, in Mellon v. Fulton, 22 Okla. 637, 98 Pac. 911, 19 L. R. A. (N. S.) 960, said:

"The first error assigned is that the court erred in overruling the motion to require plaintiff to elect upon which cause of action stated in his petition he would stand. It is urged in support of this contention that, as the first count declares upon an express contract and the second upon a quantum meruit, they are inconsistent, and for that reason the court should have required the election. We do not think so. It is a familiar rule of pleading that when the plaintiff has two or more separate reasons for the obtainment of the relief sought, or when there is more or less uncertainty as to the grounds of recovery, the petition may set forth a single claim in more than one count. * * * Accordingly it has been expressly held in a large number of cases that a quantum meruit count may be joined with a count founded on express contract. See [authorities cited]—where this is held to be the rule, although the Code provides, as in this jurisdiction, that the petition shall contain a statement of the facts constituting the cause of action in ordinary and concise language, without unnecessary repetition, and that the question of overruling or sustaining such a motion is within the sound discretion of the court. That being the case, as we see no abuse of discretion in the action of the court in overruling the motion, we cannot say the court erred in so doing."

In Berry v. Craig, 76 Kan. 345, 91 Pac. 913, the Supreme Court of Kansas said:

"The petition contained two counts. In the first it was alleged that the plaintiff was employed to find a purchaser, that he did so, and that his services were reasonably worth a stated sum. The second count alleged that the defendant's agent promised to pay the sum named as a commission for the services rendered. At the beginning of the trial, the defendant moved the court to require the plaintiff to elect between the two counts; but the motion was overruled, evidence was introduced in support of each, and the claim in each was submitted to the jury who found an express contract. The ruling was correct. The two counts were entirely consistent. Neither contradicted the other. The facts stated in the first might be true, and the facts stated in the second also might be true. If an express contract existed, recovery could not be had upon an implied contract; but, to meet possible exigencies of the proof, the plaintiff had the right to go to the jury upon both sets of allegations. Take the case of a note given by a debtor's agent in settlement of an account. It would be manifestly unjust to oblige the creditor to stake his entire case upon his ability to prove authority to sign the note, and he ought to be allowed to join a count on the note

with a count on the account. So here Boice might deny an express promise, Craig be unable to sustain the burden of proving it, and thus lose, although clearly entitled to recover the value of his services."

See, also, 5 Enc. of P. & P. p. 321, and Van Arsdale v. Foster, 79 Kan. 669, 100 Pac. 480.

Under the authorities above cited it follows that the trial court did not commit an error in submitting to the jury the right of the plaintiff to recover upon an express contract and upon a quantum meruit, nor did the trial court commit an error in refusing to require the plaintiffs to elect whether they would stand upon an express contract or upon a quantum meruit.

The plaintiff in error requested the trial court to instruct the jury that the memorandums offered in evidence by the defendants below constituted the entire contract between the parties here, and that the same could not be varied or altered by oral negotiations, stipulations, or agreements. This the trial court refused to do. The same constituted only a memorandum made by the plaintiff in error as to what the agreement was between it and the defendants in error with reference to the procuring of the leases in question, and while it was competent to introduce the same in evidence, to establish its contention in the case, it was not sufficient to constitute a contract, so as to preclude the right of recovery in this action to the defendants in error. The plaintiff in error requested no other instruction. If the cause was not presented to the jury upon its theory as to what constituted the contract between the parties here, it has waived it by a failure to so request the instruction.

Under our view of the pleadings in this case, the instructions, as given by the court, were proper, and the judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.