### GARLAND v. HUNTER.

No. 8664—Opinion Filed Feb. 10, 1920.

(Syllabus by the Court.)

1. **Pleading—Several Causes of Action—Waiver of Objection.**

While it is not proper pleading for a plaintiff to include and intermingle three grounds of recovery in one count, yet in the absence of a motion to separately state and number, a demurrer, or a motion to require him to elect on which cause of action he will rely, he may introduce evidence on any theory set out in his petition or recover on any of the grounds there claimed.

2. **Contracts—Time for Performance.**

If no time is specified in the contract for the performance of an action required to be performed, a reasonable time is allowed.

3. **Brokers — Action for Commission — Instruction—Evidence.**

Record examined, and held, that the trial court did not err in refusing to give the special instruction requested by the defendant, and that there was sufficient evidence to support the judgment rendered by the trial court.

Error from District Court, Tillman County; Chas. B. Wilson, Jr., Assigned Judge.

Action by A. J. Hunter against Joe Garland. Judgment for plaintiff, and defendant brings error. Affirmed.

Mounts & Davis, for plaintiff in error.

Wilson & Roe, for defendant in error.

KANE, J. This was an action for damages for breach of contract, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to a jury there was a verdict for the plaintiff, upon which judgment

was duly entered, to reverse which this proceeding in error was commenced.

Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The petition of the plaintiff, which was quite lengthy, alleged, among other things, that the plaintiff, who was a real estate broker, and the defendant, a landowner, entered into a contract by the terms of which the plaintiff was authorized to sell for cash certain lands belonging to the defendant for a price that would net the latter $2,200; that by the terms of this agreement the plaintiff was to receive as his compensation for making said sale all sums received in excess of said sum of $2,200; that in pursuance of this agreement the plaintiff negotiated the sale of said land to the Campbells for a sum which would compensate the plaintiff for his services in the sum of $600; that the defendant violated this agreement by negotiating a sale of said lands upon a trade basis, with one of the persons whom the plaintiff had procured as a cash purchaser, thereby putting it out of his power to keep his contract with the plaintiff.

While counsel for defendant have assigned some 18 grounds for reversal in their assignments of error, they only argue two propositions in their brief. The first of these propositions attacks the petition of the plaintiff upon the ground that it failed to state facts sufficient to constitute a cause of action for breach of contract. The petition, which, as we have said, is quite long, contains allegations of fact which, if proven, would entitle the plaintiff to recover on either of three theories.

It seems that the plaintiff had procured two sets of purchasers for the land. The set known as the Campbells were willing to purchase at the terms named by the plaintiff, but they seemed to have some difficulty about raising sufficient money to carry out the terms of the sale. At the same time the Campbells were also secretly negotiating with the defendant, the owner of the land, upon a trade basis. The other prospective purchaser, Mr. Ledbetter, was ready to purchase on the terms offered by the plaintiff, but the plaintiff seems to have been anxious to give the Campbells a reasonable opportunity to raise the money to make the purchase, and while he was waiting on them the Campbells and the defendant, the owner of the land, reached an agreement on a trade basis, whereupon the land was conveyed direct to the Campbells by the owner.

Under the allegations of the petition the

plaintiff was entitled to recover: (1) Under his contract in the sum of $600 as the procuring cause of the sale which was actually made by the defendant to Campbell. (2) On a quantum meruit for the reasonable value of his services in effecting the two trades, viz., that between Garland and Wheat and that between Garland and Campbell. (3) For a breach of contract the amount he could have made by a sale of the property, such sale having been prevented by the wrongful acts of defendant Garland in interrupting the trade with Campbell and also the trade with Ledbetter by placing himself in position where he could not perform.

Counsel for plaintiff concede that:

"It was not very good pleading to include and intermingle three grounds of recovery in one count, but in the absence of a motion to separately state and number, a demurrer, or a motion requiring the plaintiff to elect on which cause of action he will rely, he had a right to introduce evidence on any theory set out in the petition and to recover on any of the grounds there claimed."

The following authorities cited by counsel seem to sustain this contention: Mellon v. Fulton, 22 Okla. 636, 98 Pac. 911; El Reno Electric Light & Tel. Co. v. Jennison, 5 Okla. 759, 50 Pac. 144; Tootle v. Kent, 12 Okla. 674, 73 Pac. 310; First National Bank of Tishomingo v. Ingle, 37 Okla. 276, 132 Pac. 895; Bliss on Code Pleading, sections 412, 423.

Moreover, during the course of the trial, and in giving his instructions to the jury, the trial court eliminated from consideration all theories except that of breach of contract, and the case was submitted to the jury on that theory alone. In these circumstances we are satisfied that the defendant was not harmed by the irregularities in the pleadings complained of.

Under their second proposition, counsel for defendant contend that it was error for the trial court to refuse a certain special instruction requested by the defendant. We think this instruction was properly refused. While it probably states a correct abstract principle of law, it seems to have no application to the state of facts disclosed by the record or the theory upon which the case was tried. The only issue in the case as presented to the jury was whether defendant breached the contract by failing to give the plaintiff a reasonable time to complete the sale of the Wheat ranch after a trade of the defendant's property to Wheat had been consummated by the plaintiff, thus completing a part performance of the contract. The jury, by finding for the plaintiff, must have found that no such reasonable time was given. It is true that

there was no time mentioned in the contract within which the plaintiff was required to make a sale: but the rule is that if no time is specified in the contract for the performance of an action required to be performed, a reasonable time is allowed. Section 976, Revised Laws 1910; Puls v. Casey, 18 Okla. 142, 92 Pac. 388.

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., and PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.