### HENDERSON v. LOFTIN.

No. 18777.   Opinion Filed Dec. 3, 1929.

Bowling & Farmer, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

LESTER, V. C. J. The parties on appeal appear in the reverse order to that in the court below, and they will be referred to as they appeared there.

The plaintiff was a real estate agent. He brought suit against the defendant and set up in two separate causes of action that he had procured a purchaser for two separate pieces of real estate for and on behalf of the defendant, and asked for a total recovery of $388.75. At the trial of the cause the jury awarded him the sum of $225. Final judgment was entered on said verdict, and the defendant has appealed from said judgment.

Defendant on appeal alleges only two propositions: First, the plaintiff having brought his suit on the theory of a special contract, it was error to admit evidence to establish recovery upon quantum meruit. Second, the court erred in overruling the defendant's demurrer to the evidence.

On appeal both propositions are argued together. The plaintiff's petition in cause of action No. 1 stated in part:

"That this plaintiff did procure a purchaser in the person of one W. Y. Carpenter for said lands for the said Carl Henderson for the sum and price of $5,000, and that the said Carl Henderson sold said lands to the said W. Y. Carpenter for said sum and price, and that the defendant agreed to pay plaintiff therefor the sum of $250 for his services in his behalf; that said sum of $250 is a reasonable sum for this plaintiff's services in connection with the sale of said lands and that the defendant thereby became indebted to, and promised to pay this plaintiff the sum of $250; that said sum is a reasonable compensation for said service, and that there was paid thereon the sum $5 by the said defendant."

Plaintiff used practically the same language in his second cause of action, which related to an alleged second sale of property by the plaintiff on behalf of the defendant.

Defendant failed to file a motion to re-quire the plaintiff to elect whether he would rely upon a special contract or quantum meruit, but contented himself with the following answer:

"Comes now the defendant, Carl Henderson, and for answer to the petition of the plaintiff, Joe Loftin, and denies each and every allegation therein contained and demands strict proof of same."

The plaintiff testified in part:

"Q. Was there any express agreement the day you furnished the purchaser as to the amount of the commission that Carl Henderson should pay you on the sale of the 80 acres before the trade was made?

"A. Before the trade was made?

"Q. Yes, that day.

"A. No, sir.

"Q. Before that had you told Carl Henderson how much you would charge upon a sale of any of the property?

"A. Yes, sir; I had told him three times.

"Q. How much?

"A. Five per cent."

Testimony was introduced over the objection of the defendant to the effect that charges made for the services rendered were reasonable.

The correct practice is to set out the specific grounds for recovery in separate counts, and where two or more grounds are set out in the same count, in the absence of a motion of the opposite party to require better pleading, an objection to the introduction of evidence comes too late.

In the case of Mellon v. Fulton, 22 Okla. 636, 98 Pac. 911, it is stated in the first paragraph of the syllabus:

"In a suit on account for services rendered, where there is more or less uncertainty as to the grounds of recovery, there may be properly joined in the petition a count upon express contract and a count upon quantum meruit, and the question of granting or overruling a motion to require plaintiff to elect upon which count he will stand is addressed to the sound legal discretion of the court."

In the case of Garland v. Hunter, 77 Okla. 201, 187 Pac. 466, the first paragraph of the syllabus states:

"While it is not proper pleading for a plaintiff to include and intermingle three grounds of recovery in one count, yet, in the absence of a motion to separately state and number, a demurrer or a motion to require him to elect on which cause of action

he will rely, he may introduce evidence on any theory set out in his petition or recover' on any of the grounds there claimed."

In the case of Carter Oil Co. v. Garr et al., 73 Okla. 28, 174 Pac. 498, syllabus paragraph No. 1 thereof states:

"Where a party has two or more distinct and separate reasons for the obtainment of the relief he asks, and where there is some uncertainty as to the grounds of recovery, the complaint may set forth a single claim, or ask for the same relief in several distinct counts or statements."

In the body of the opinion it is stated:

"Under the authorities above cited it follows that the trial court did not commit an error in submitting to the jury the right of the plaintiffs to recover upon an express contract and upon a quantum meruit, nor did the trial court commit an error in refusing to require the plaintiffs to elect whether they would stand upon an express contract or upon a quantum meruit."

The plaintiff's petition was sufficient to permit a recovery either upon a special contract or upon quantum meruit, and in the absence of a motion to compel the plaintiff to correct the imperfect petition, it was not error to permit the introduction of the evidence tending to show that the charges for services rendered by the plaintiff were reasonable.

Judgment is affirmed.

MASON, C. J., and HUNT, CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur.