## WOODS et al. v. DAVIS et al.

No. 21504. Opinion Filed Feb. 2, 1932.

Champion, Champion & Fischl, for plaintiffs in error.

John L. Hodge, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Carter county in favor of the defendants in error, the plaintiffs in the trial court, against the plaintiffs in error, the defendants in the trial court. Hereinafter the parties will be referred to as plaintiffs and defendants.

The plaintiffs in their petition prayed for a judgment against the defendants for the sum of $1,700 alleged to be due to them from the defendants on a series of promissory notes, together with $170, the sum provided therein as attorney's fee; the costs of the action; the establishment of a lien upon the property described in the chattel mortgage given to secure the indebtedness sued upon, and the foreclosure of the mortgage lien. They therein alleged the execution of the notes and mortgage and a breach of the terms and conditions thereof. The defendants in their answer admitted the execution

of the notes and mortgage and denied the indebtedness in the amount of $1,700 for the reasons set up in their cross-petition, in which they alleged that they had been damaged by reason of the breach of a contract of sale and in which they prayed that the amount of their damage be set off against the claim of the plaintiffs. The plaintiffs answered the cross-petition and therein denied certain of the allegations of the cross-petition and pleaded certain facts in explanation of their conduct. The verdict of the jury was for the plaintiffs in the amount claimed by the plaintiffs and for the defendants in the sum of $500 as a set-off against the claim of the plaintiffs. The judgment was in conformity with the verdict and in addition thereto established the lien of the plaintiffs on the property involved in the action. The defendants' motion for new trial was overruled on condition that the plaintiffs remit the amount of the attorney's fee awarded the plaintiffs by the verdict of the jury, and a remittitur thereof was filed by the plaintiffs.

The record discloses that the plaintiffs were the owners of a soft drink, fruit, and confectionery stand in the city of Ardmore which was known as the "California Thirst Parlor." It was situated in one wing of the Ritz Theater building in that city. A written contract of sale was entered into between the plaintiffs and either one or both of the defendants, it being immaterial herein whether or not both of them were parties thereto, whereby the plaintiffs sold and conveyed the property involved in this action to the defendant C. O. Woods for a consideration of $2,500, $500 of which was paid in cash at the time of the transfer of the property and $50 of which was to be paid each month thereafter. The issue herein arose by reason of the language used in the written contract of sale with reference to a lease on the premises used for the carrying on of the business. The plaintiffs had had a written lease on that part of the building, which lease had expired. Thereafter they were permitted to occupy the premises by paying rental at the rate of $90 per month, there being neither a written nor oral contract therefor. The defendants remained in possession of the premises until they were evicted therefrom by an officer under a proper writ.

That portion of the contract which is the basis of the issue in this case was as follows:

"The parties of the first part hereby transfer to the party of the second part all their lease contract which they may have on said building, which is that they may occupy the property so long as they desire it at a rental of $90 per month."

The plaintiffs contend that the provision of the contract quoted was only incidental and that the material portion of the contract was as follows:

"Witnesseth, that for and in consideration of the sum of $2,500 paid, as follows, to wit:

"$500 paid cash on February the 1st, 1928, and a note for $2,000 payable as follows:

"$50 per month the 1st day of March, 1928, and $50 each month thereafter, and in addition to the above payments, $500 to be paid on the 1st day of January, 1929, said parties of the first part have this day, and by these presents do sell, assign, transfer, and convey unto the party of the second part, his heirs, and assigns forever, the following described personal property, to wit:

"All the stock, furniture and fixtures now in what is known as the California Thirst Parlor, located at 115 West Main street, in the city of Ardmore, Carter county, Okla."

The defendants deny that contention and assert that the portion thereof first quoted was a material part thereof and that, as a part of the purchase made by them from the plaintiffs, they were to receive the good will of the business and the lease of the plaintiffs on the premises occupied by the business at the time of their purchase.

The defendants contend that the provision of the contract means that the plaintiffs had a lease on the premises providing that they might occupy the property so long as they desired at a rent of $90 per month and that they would transfer that lease to the defendants. The plaintiffs contend that they held the premises without any written or verbal agreement under an arrangement whereby they paid rent at the rate of $90 per month and that they informed the defendants thereof prior to the execution of the contract.

If the language of the contract is clear and explicit and does not involve absurdity, the language of the contract is to govern its interpretation (section 5041, C. O. S. 1921), and, if possible, the intention of the parties is to be ascertained from the terms of the written instrument. (Section 5042, C. O. S. 1921.) If the provision of the contract in question was for the transfer of a lease or for a transfer of the lease which the plaintiffs had on the premises, a different situation would be presented. The provision is for the transfer of "all their

lease contract which they may have on said building." The language used is indefinite and uncertain as to the lease, and being indefinite and uncertain, there was no error on the part of the trial court in permitting the plaintiffs to plead and offer evidence tending to prove the meaning of the instrument. Section 5040, C. O. S. 1921. The meaning thereof might be shown by the construction placed thereon by the parties thereto. Knebel v. Rennie, 87 Okla. 136, 209 P. 414; Frazer v. City of Ardmore, 103 Okla. 31, 229 P. 143; R. T. Stuart & Co. v. Graham, 117 Okla. 117, 245 P. 608; Crain v. Pure Oil Co., 25 Fed. (2d) 824, and Baker & Strawn v. Butler, 141 Okla. 9, 283 P. 556. Effect must be given to the intention of the parties (section 5039, C. O. S. 1921), and the intention of the parties may be ascertained in the manner provided by article 3, ch. 32, C. O. S. 1921. The record shows nothing tending to vary the terms of the written contract by parol evidence, although there was much evidence offered that tends to explain the meaning of the ambiguous portion of the contract. The authorities cited relating to contracts which are definite and certain in their nature and susceptible of but one construction are not applicable herein.

The case of Nickle v. Reeder, 66 Okla. 10, 166 P. 895, relied upon by the defendants, involved a materially different state of facts. Therein a notice to quit the premises had been given prior to the time the contract involved in that action was executed and the representation therein made of the existence of the lease upon the building was false and fraudulent.

In the case at bar the plaintiffs were holding the premises under an arrangement by which they paid rent from month to month. No notice to terminate the tenancy or notice to quit had been given to them. They delivered the possession of the premises to the defendants on the 1st day of February and the defendant held the same until the 1st day of September, a period of seven months.

In Graves v. Mayberry, 137 Okla. 218, 278 P. 1111, relied upon by the defendants, evidence tending to prove the alleged fraud was rejected and it was held that that evidence was admissible. There is nothing in that decision to the effect that evidence may not be offered in explanation of the provisions of an ambiguous contract.

The fourteen assignments of error made in the motion for new trial and the petition in error are presented herein under two propositions.

The first proposition herein presented is that the answer and the amended answer of the plaintiffs (denominated reply) and the testimony in support thereof "was an attempt on the part of the plaintiffs to vary, evade and alter the terms of the written contract, and which resulted to the prejudice of the rights of the defendants." In support of their contention they assert that "the Davises had no lease on the property in question and that their representations to the effect that they did have a lease were false and known to be false at the time they were made." The jury must have so found or it would not have returned a verdict for the defendants and, since the jury so found, the error, if any, in the overruling of the motion to strike pleadings and the demurrers thereto and in permitting the introduction of evidence is not reversible error. Section 319, C. O. S. 1921.

The defendants contend that "Where the time within which a contract is to be performed is not set out in the contract, the law fixes a reasonable time, and what is a reasonable time is to be ascertained from the law and cannot be fixed by parol evidence, nor can the legal presumption of reasonable time be altered or changed by parol evidence." In the construction of a contract a reasonable time is given for the performance of an act where the time for performance thereof is not fixed by the terms of the contract. Section 5060, C. O. S. 1921. Under that rule the contract in question must be construed to provide for occupancy of the premises by the defendants for a reasonable time. Garland v. Hunter, 77 Okla. 201, 187 P. 466. The trial court correctly construed the provision of the contract to mean a lease for "a reasonable length of time" and by its instructions left to the jury the determination of "what constitutes a reasonable length of time" to be determined "from all of the facts and circumstances and evidence in this case, and from your own knowledge and experience." There was no objection to the instruction. We think that that issue was properly submitted to the jury and that on the question of fact involved therein we are bound by the verdict of the jury if there is any competent evidence tending to support the same. There is such evidence.

The second proposition of the defendants is that the verdict of the jury is less than the actual loss sustained by the defendants.

While a loss of profits proximately result-

ing from the destruction of an established business constitutes an element of damage, the burden of establishing the existence and amount thereof is upon the one asserting the same, and the existence and amount are questions of fact to be determined by the jury.

While the evidence of the defendants disclosed that the net profits of the business were approximately $150 a month less after their removal from the location in question to the new location than the amount of the profits prior to their removal, we cannot say, from the evidence, that the amount of the loss was due entirely to the changing of the location. Economic and other conditions may have been considered by the jury in determining the amount that the defendants should recover for the breach of the contract. The defendants assert that a reasonable length of time for their occupancy of the premises would be "at least a year, if not longer," but evidently the jury did not agree with that contention. The defendants contend that they were entitled to recover the amount expended "in moving and fixing up the new place." We cannot agree with that contention. The defendants, at the time they purchased the property, must have considered that when the lease expired they would be required to move and either fix up a new place or abandon the business. There is nothing in the record to show that the expense in moving and fixing up the new place was any greater at the time it was incurred than the expense in moving and fixing up the new place would have been a reasonable length of time thereafter. It is highly probable that it would have been the same.

We think the cause was fairly tried, properly submitted to the jury for determination, and that the verdict of the jury is supported by the evidence. For those reasons, the judgment of the trial court is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY JJ., concur. CULLISON, J., absent.

Note.—See under (2), 6 R. C. L. 841; R. C. L. Perm. Supp. p. 1834; R. C. L. Pocket Part, title Contracts, § 231. (5) 2 R. C. L. 193, 194; R. C. L. Perm. Supp. p. 368; R C. L. Pocket Part title Appeal, § 167.