**Stanley W. ROSENFIELD and the First National Bank & Trust Company of Oklahoma City, Trustees, Appellants,**

v.

**KAY JEWELRY STORES, INC.,**
Appellee.

No. 9158.

United States Court of Appeals
Tenth Circuit.

Oct. 16, 1967.

Rehearing Denied Dec. 1, 1967.

decide to rebuild the premises, then the tenancy shall continue, but Second Party shall not be liable for the rent herein provided for during the period from the date the total destruction of the premises occurs to the date the premises are tenantable within the meaning of this Lease Agreement. If the premises are only partially damaged or destroyed by such fire or other casualty, then at the option of First Parties said premises may be repaired or restored within a reasonable time and the tenancy shall continue, but Second Party shall not be liable during such period for the rental herein provided for in the event it is necessary by reason of such fire or other casualty to close said premises during the course of such repair."

On November 29, 1964, the leased premises were totally destroyed by fire. Upon trial to the court judgment was entered for the lessee defendant following a critical finding that the lessors had failed to exercise the option to rebuild within a reasonable time and that as a consequence the lessee had no further obligation under the lease. We are asked to review the sufficiency of the evidence to support this finding together with supporting contentions that the trial court misinterpreted the legal obligations of the parties under the terms of the lease.

We find no merit to appellants' claim that the trial court took "the position that the building must be rebuilt before the appellants had any enforceable rights. * * *" and thus erred by rejecting consideration of the concept of anticipatory breach. Although the trial court in his written discussion of the total circumstances of the case makes reference to appellants' duty to rebuild, such statement clearly pertains to action necessary upon the part of the appellants to accomplish total revitalization of the lease, including the lessee's duty to pay rent. Quite contrary to appellants' contention, the trial court interpreted the subject lease provision to terminate the obligations of the parties under the lease

R. C. Jopling, Jr., Oklahoma City, Okl. (Fred A. Gipson, Oklahoma City, Okl., was with him on the brief) for appellants.

Theodore M. Elam, Oklahoma City, Okl. (James F. Davis, Oklahoma City, Okl., was with him on the brief) for appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

DAVID T. LEWIS, Circuit Judge.

This is a diversity case filed by the appellants-plaintiffs, as lessors, seeking damages from the appellee-defendant for an alleged anticipatory breach of a lease upon certain commercial property located in downtown Oklahoma City. The subject lease was for a fifteen-year period terminating December 31, 1977 and contained the following provision:

"V. It is agreed that in the event the improvements on said premises are totally destroyed by fire, or other casualty, rendering the same untenantable during the term hereof then this lease shall cease and all liability of the parties hereunder shall end, unless First Parties, in their sole discretion,

subject only to the right of the lessors, at their sole option, to continue the tenancy upon election to rebuild. This is a correct interpretation of the lease provision, and, since the instrument specifies no time within which the lessors' option must be exercised, the court correctly held that such option must be exercised within a reasonable time. Okl. Stat.Anno., Title 15, § 173 (1966); Woods v. Davis, 155 Okl. 6, 7 P.2d 905.

Appellants' argumentative analysis of the evidence probing the question of fact as to what constitutes a reasonable time under the total circumstances of this case is, at least in part, based upon the contention that the inferences to be drawn from such evidence were considered by the trial court from an erroneous legal premise. As we have indicated, the trial court was not in error in such regard and its finding must thus be sustained unless it appears to be clearly erroneous. Rule 52(a), Fed.R.Civ.P. Our own analysis of the evidence, which covers in detail the conduct of the parties from the date of the fire, November 29, 1964, to February 26, 1965, the date when appellee gave formal notice that an unreasonable delay had occurred without an election by appellants to rebuild, convinces us that appellants' claim can rise no higher than to show that the record could support a contrary finding. This is not enough, Covey Investment Co. v. United States, 10 Cir., 377 F.2d 403, for although appellants place proper emphasis upon certain circumstances, such as the necessity of guarding the premises to allow a thorough search for lost jewelry, other circumstances indicate that appellants were foundering in their decision because of their own financial problems and difficulties in settling their own insurance claims. Time is of the essence in option provisions of contracts, Washoma Petroleum Co. v. Eason Oil Co., 173 Okl. 430, 49 P.2d 709, 712, and consequently what constitutes a reasonable time may be shorter than otherwise. Here appellants never did inform the appellee of their unqualified intention to rebuild nor did they take any affirmative action toward that end. Without detailing the complexities of other aspects of the evidence we are satisfied that the finding of the trial court is not clearly erroneous.

One further question remains, a side effect of the main appeal. After instituting this suit on March 5, 1965, and before judgment, appellants placed a garnishment upon Lloyds of London, then a debtor of the appellee. The garnishment was released after appellee furnished a bond in lieu thereof and, after judgment, sought to tax the bond premium as a recoverable cost. The trial court declined to rule upon the issue and by agreement with the parties ordered the issue certified to this court for an original decision. We know of no statute, rule or precedent for such a procedure nor do we deem it desirable to entertain the issue under the circumstances of the case. Consequently we express no opinion as to whether the bond premium is a proper item of cost within the Western District of Oklahoma and remand the question for consideration by the trial court. The judgment in all other respects is affirmed.