Stanley W. ROSENFIELD and the First National Bank and Trust Company of Oklahoma City, Oklahoma, Trustees, Appellants,

v.

KAY JEWELRY STORES, INC., Appellee.

No. 9973.

United States Court of Appeals Tenth Circuit.

Sept. 16, 1968.

R. C. Jopling, Jr., Oklahoma City, Okl. (Fred A. Gipson, Oklahoma City, Okl., on the brief), for appellants.

Theodore M. Elam, Oklahoma City, Okl. (James F. Davis, Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

LEWIS, Circuit Judge.

This case is a continuation of litigation between appellants as lessors and the appellee as lessee of certain commercial property located in downtown Oklahoma City. The principal issues of the controversy have been earlier considered and finalized by opinion of this court, Rosenfield v. Kay Jewelry, 384 F.2d 98, but we did then refuse to entertain and render an original decision upon a question of recovery of costs, undecided by the trial court, which was presented to us by agreement of the parties and a certification of the trial court. The question was remanded to the trial court for its consideration, 384 F.2d at 100. Upon remand the District Court for the

Western District of Oklahoma answered the following question in the affirmative:

"Question: Where a plaintiff in an action issues and causes to be served a garnishment summons upon a debtor of the defendant, before Judgment, and after trial the plaintiff is unsuccessful in the case, and Judgment is rendered in favor of the defendant, is the defendant entitled to recover its costs of the premium on an insurance company bond to discharge such garnishment, and a release of the funds held by the garnishee?"

After entry of judgment for costs including an item in the amount of $7,650 for a bond premium to discharge a garnishment appellants again appeal.

Except through the generality expressed in Rule 54(d), Fed.R.Civ.P., there are no compelling guidelines established within the Western District of Oklahoma determinative of the inclusion or exclusion of the subject item as a recoverable item of cost. There is no local rule of court, which if existent, would have the force of law. Woods Construction Co. v. Atlas Chemical Industries, Inc., 10 Cir., 337 F.2d 888. Nor is there an established custom nor reported precedent within the district. But the power to tax costs is an inherent attribute of the jurisdiction of the district court and where, as here, a particular item is assessed by specific order of the court, "the taxing of cost rests in the sound judicial discretion of the trial court, and the exercise of such discretion will not be disturbed on appeal except in case of abuse." State of Utah v. United States, 10 Cir., 304 F.2d 23.

We find no abuse of discretion in the case at bar and authority exists for the allowance of costs for bond premiums in similar cases. Williams v. Sawyer Bros., Inc. 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527, cf. American Hawaiian Ventures v. M. V. J. Latuharhary, D.C., 257 F.Supp. 622.

Affirmed.